Robert C. **HERZFELD**, Plaintiff,

v.

Trenton H. **PARKER**, Adrian Doyle, James T. Wilson, Stephen Spangler, Robert E. Norwood, and International Mining Exchange, Inc., a Colorado corporation, Defendants.

Robert F. **BROWN**, Robert A. Brandt, and RFB Petroleum, Inc., a Texas corporation, Plaintiffs,

v.

Trenton H. **PARKER**, the International Mining Exchange, Inc., a Colorado corporation, Stephen Spangler, James T. Wilson, Adrian Doyle, and Robert Norwood, Defendants.

Elizabeth **EKEN**, et al., Plaintiffs,

v.

**INTERNATIONAL MINING EXCHANGE, INC.**, et al., Defendants.

Civ. A. Nos. 80–K–850, 80–K–859 and 82–J–17.

United States District Court, D. Colorado.

Feb. 2, 1984.

---

Richard B. Podoll, Podoll & Podoll, Denver, Colo., for Herzfeld.

William A. Wilson, Denver, Colo., for plaintiffs in 80–K–859.

Walter Gerash, Gerash & Robinson, Denver, Colo., and Patrick C. English, Dines & English, Clifton, N.J., for plaintiffs in 82–J–17.

William C. Waller, Jr., Denis H. Mark, Wagner & Waller, Englewood, Colo., for defendants Parker & Inter. Mining.

Leon Sanders, III, Denver, Colo., for defendants Doyle & Norwood.

Marc J. Musyl, Denver, Colo., for defendant Wilson.

Rod W. Snow, Dixon & Snow, Denver, Colo., for defendant Spangler.

Kim B. Childs, Cooper & Kelley, P.C., Denver, Colo., & Robert Kelly, Lum, Biunno & Thompkins, Newark, N.J., for defendant Larry Hercules in 82–J–17.

Richard N. Stuckey, Denver, Colo., for the Receiver, William C. Lam, named by the Court.

Robert N. Miller, U.S. Atty., Denver, Colo., for U.S.A. in Criminal Cases involving some of the defendants.

## ORDER DENYING MOTION TO QUASH REGISTRATION OF JUDGMENT

KANE, District Judge.

Robert Herzfeld, the plaintiff in 80–K–850, has asked me to set aside the registration in this court of a judgment rendered in New Jersey (82–J–17), and to vacate all execution proceedings by the plaintiffs in that case. A few facts will place this motion in perspective.

Trenton Parker, a defendant in all of these cases, organized various fraudulent investment plans. Once his scheme was exposed, Parker negotiated a plea agreement in which he transferred to this court approximately six million dollars, previously on deposit in a bank in the Bahamas. This occurred on or about February 9, 1982. Prior to that time, the plaintiffs in 80–K–850 and 80–K–859 brought actions in this court to recover monies lost under Parker's scheme. These plaintiffs were awarded approximately four million dollars. This award consisted primarily of attorneys' fees and punitive damages. A class action on behalf of other defrauded investors was initiated in the United States District Court for the District of New Jersey on January 11, 1982. The New Jersey class obtained a default judgment of eight million one hundred thousand dollars. Judge Stern, the presiding judge in that case, expressly authorized the plaintiffs to reopen the judgment if more than 8.1 million dollars was discovered to be under Parker's control. The judge also "provisionally" certified the class as "All persons and entities investing in the Gold Tax Shelter Investment Program of the International Mining Exchange, Inc." On April 19, 1982, he ordered the clerk of the court to issue a "Form 101 for the purpose of registering in the United States District Court the default judgment in this case." The judgment was registered in Colorado on the same day.

Herzfeld seeks to quash the registration of the New Jersey judgment on the grounds that it was not "final" within the meaning of 28 U.S.C. § 1963. According to Herzfeld, the judgment was not final because the order in favor of the New Jersey class could be reopened, and because the class was only "provisionally" certified by the New Jersey court. Herzfeld further argues that the judgment failed to satisfy the requirements of Fed.R.Civ.P. 54(b). For the reasons stated below, I conclude that there was a final judgment. I also conclude that the registration of the New Jersey judgment in this court is effective since the time for appealing that judgment had expired.

## I. THE DEFAULT JUDGMENT WAS FINAL, NOT INTERLOCUTORY

Section 1963, 28 U.S.C. provides in part that:

A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment.

Herzfeld's position is that the New Jersey judgment was not "final by appeal or expiration of time for appeal." Generally, only a final judgment can be appealed. 28 U.S.C. § 1291. The finality of the New Jersey judgment must therefore be established before section 1963 can be applied. Otherwise the time for appeal cannot be ascertained.[1]

■ A final default judgment cannot be entered against a party until the amount of damages has been ascertained.[2] 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2692 at 465–66 (1983). Fed.R.Civ.P. 55(b)(2) empowers a judge to hold hearings "or order such references as it deems necessary and proper" to establish the damage award. However, the decision to enter the judgment is discretionary. *Gomes v. Williams*, 420 F.2d 1364 (10th Cir.1970); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir.1951); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (1983). Once a judgment by default is entered, it is immediately reviewable by the court of appeals. *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 442 (3d Cir.1971), *cert. denied*, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1684 at 419–20 (1983).

■ Judge Stern awarded the plaintiff class in the New Jersey action 8.1 million dollars. There is no contention that this amount is excessive. On the contrary, the damages incurred by the plaintiff class exceeded that amount. As the purpose of the rule requiring ascertainment of damages prior to the entry of a default judgment is to prevent excessive awards, Judge Stern properly exercised his discretion in entering a judgment for 8.1 million dollars. The finality of this judgment is not affected by the possibility that the damage award may be increased. There are two reasons for this. First, the "essence of a final judgment is that it leaves for the court nothing to do but order execution." *International Controls Corp. v. Vesco*, 535 F.2d 742 (2d Cir.1976). This is the case as to the 8.1 million dollars. Second, the order to reopen the application if further funds are discovered falls within the judge's Rule 55(b)(2) power to "order such reference as (he) deems necessary and proper."

■ Herzfeld also argues that there is no final judgment because the plaintiff class in New Jersey was only provisionally certified. The decision to enter a default judgment is

1. Although no case has directly addressed the issue of whether an uncontested default judgment can be registered, at least two circuits have concluded that a consent judgment, similar in many respects to an uncontested default judgment, is a final judgment and thus ripe for registration. *Stanford v. Utley*, 341 F.2d 265 (8th Cir.1965); *Kelly v. Greer*, 354 F.2d 209 (5th Cir.1965).

   The *Stanford* case was distinguished in *In re Professional Air Traffic Controllers Org'n*, 699 F.2d 539 (D.C.Cir.1983) (*PATCO*), wherein it was held that registration in a different state was premature because it occurred before the expiration of time for appeal. *See also Urban Industries, Inc. v. Thevis*, 670 F.2d 981, 984–85 (11th Cir.1982); *Abegglen v. Burnham*, 94 F.Supp. 484 (D.C. Utah, 1950). In the *Stanford* case there was no right to appeal from a consent judgment. In the *PATCO* case, registration occurred immediately after the last judgment was entered, and before PATCO took a timely appeal. The court held that the language of section 1963 only allowed registration of a judgment that was being appealed after

the appellate decision was handed down. Following the rationale in *PATCO* requires the conclusion that the New Jersey class could not register its judgment until the time for appeal had expired. Arguably, registration is ineffective even after that date unless there is a new registration. But the better view is that the registration is automatically effective as of that date, even if registered before such date. This view is warranted by the reasoning in the *PATCO* case where the court stated that deferral of registration until the time for appeal has passed "avoids the complicated unravelling that might become necessary if a judgment . . . is overturned on direct review." 699 F.2d at 544–45. No such danger will arise from automatic "registration" of prematurely-filed registrations after the time for appeal has run.

2. One of the main reasons for this rule is to prevent a plaintiff who obtains a default judgment from receiving more in damages than is supported by actual proof. *See Klapprott v. United States*, 335 U.S. 601, 611–12, 69 S.Ct. 384, 388–389, 93 L.Ed. 266 (1949).

discretionary because, as the present case indicates, the concept of a final judgment is somewhat elusive. The Supreme Court, in discussing when an order of the District Court is final for the purposes of an appeal under 28 U.S.C. § 1291, has stated:

A decision 'final' within the meaning of section 1291 does not necessarily mean the last order possible to be made in a case. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545 [69 S.Ct. 1221, 1225, 93 L.Ed. 1528]. And our cases long have recognized that whether a ruling is 'final' within the meaning of section 1291 is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the 'twilight zone' of finality. Because of this difficulty, this Court has held that the requirement of finality is to be given a 'practical rather than a technical construction.' (citations omitted)

*Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964).

Herzfeld's argument is technical. Judge Stern granted "provisional" certification because of the possibility that defendants other than Parker and International Mining Exchange, Inc. might be liable only to particular sub-classes of plaintiffs. The liability of, and hence the finality of judgment against Parker and The International Mining Exchange Inc. will remain the same regardless of a change in class certification.

Policy considerations support this conclusion. One of the practical reasons for allowing registration of only a final judgment is the need for certainty. Judge Stern's order is not ambiguous and has not prejudiced Parker. It may inconvenience Herzfeld, who is not a party to the New Jersey action, but that inconvenience is outweighed by the injustice which could arise from the inability to register a judgment. This injustice may arise for two reasons. First, inability to register the judgment in Colorado would enable the judgment creditors in the Colorado actions to obtain more than their pro rata share of the money recovered from Parker. Second, the Receiver in Colorado who is presiding over the distribution of such money, may have powers to distribute the money surrendered by Parker, but no powers to collect any concealed funds. The judgment in New Jersey must therefore be deemed final.

## II. THE NEW JERSEY JUDGMENT SATISFIES RULE 54(b)

■ Fed.R.Civ.P. 54(b) provides in part that:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The certification envisaged by the rule need take no specific form, as long as the district court's intention to certify is clear. *United States v. Evans*, 365 F.2d 95 (10th Cir.1965). *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2660 at 122 (1983). However, the court should articulate the reasons and factors underlying its decision to grant certification. *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975).

■ Judge Stern's intent to certify is clear from his Order of April 19, 1982 directing the clerk of the court to issue a "Form 101 for the purpose of registering in the United States District Court the default judgment in this case." Furthermore, the reasons for directing an entry of judgment and for determining that there was no just reason for delay were adequately stated. The Order of April 19, 1982 is prefaced by a clause reading "For the reasons stated on the record at the hearing on April 16, 1982." At that hearing, Judge Stern stated that prompt registration was necessary in order to avoid an unfair distribution of the money under the control of the court and because

the judge handling these cases in this court would not be available after April 28, 1982.

The motion to quash registration of judgment and to vacate all execution proceedings is therefore denied.