Thomas P. SULLIVAN, etc.,
Plaintiff, Appellant,

v.

Albert E. CARIGNAN, et al.,
Defendants, Appellees.

No. 83-1741.

United States Court of Appeals,
First Circuit.

Submitted Feb. 10, 1984.
Decided April 27, 1984.

Thomas P. Sullivan on brief, pro se.

James E. Tierney, Atty. Gen., and Lendall L. Smith, Asst. Atty. Gen., on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

Pro se plaintiff appellant Thomas P. Sullivan has not brought to our attention anything that would warrant our intervention with the grant of summary judgment to the defendant members of the Maine Board of Accountancy in this § 1983 civil rights case. Accordingly, we affirm the district court judgment.

The controversy revolves around Sullivan's failure to fulfill Maine's 10 hour a year continuing education requirement, 32 MRSA § 3990(2) (Supp.1983), for practice as a certified public accountant and the Board's denial on that basis of Sullivan's application for the renewal of his professional registration and permit. Sullivan's request for recertification to cover the period between July 1, 1981 to June 30, 1982 was initially denied on June 29, 1981. He was then advised by the Board that the reading of professional publications, researching of tax problems and designing of computer software in his practice did not qualify as continuing education hours under the regulations. Sullivan resubmitted his application with an accompanying letter in which he questioned the constitutionality of the law and threatened legal action. The Board again informed him that the items he had listed under continuing education were not acceptable but granted him a six month practice permit, which expired on December 31, 1981, so that he would then presumably fulfill the requirements. A number of written communications between the Board and Sullivan followed, but no agreement was reached. On January 11, 1982 Sullivan filed this action.

■ Before this court, as he did before the district court, Sullivan essentially argues that his due process rights were violated by the Board's failure to hold a hearing before denying his application. But not only is there no evidence that Sullivan ever sought a hearing before the Board but also when a hearing was ordered by the district court Sullivan chose not to participate in it. Most importantly, Sullivan has not pointed to any relevant factual question or serious legal theory he was precluded from bringing to the Board's attention by lack of a hearing. Given that the controversy between Sullivan and the Board revolved essentially around whether the activities he claims to have engaged in fulfilled the continuing education requirements there were no facts to be adjudicated.

■ In this context a claim of due process infringement for lack of a hearing simply cannot stand. The essence of due process is that the party about to suffer a loss be given an opportunity to be heard "at a meaningful time and in a meaningful manner". *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970); *see also, Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). But a full judicial-type hearing is not always required, *Board of Curators*

**10**

*v. Horowitz,* 435 U.S. 78, 87–89, 98 S.Ct. 948, 953–954, 55 L.Ed.2d 124 (1978), particularly where, as here, the facts are not in dispute. *See Bi-Metallic Investment Co. v. State Board of Equalization,* 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372 (1915); *Cloutier v. Town of Epping,* 714 F.2d 1184, 1191 (1st Cir.1983); *O'Neill v. Town of Nantucket,* 711 F.2d 469 (1st Cir.1983); *N.L.R.B. v. J.C. Penney Co., Inc.,* 559 F.2d 373, 377 (5th Cir.1977); *Commercial National Bank of Little Rock v. Board of Governors of the Federal Reserve Board,* 451 F.2d 86, 91 (8th Cir.1971). That Sullivan had more than ample opportunity to present his position to the Board cannot be seriously questioned.

The district court judgment is affirmed.

Double costs to appellees. F.R.A.P. 38.