Clarence B. MICHAUD

v.

The MUTUAL FIRE, MARINE & INLAND INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1986.

Decided Feb. 26, 1986.

Berman, Simmons & Goldberg, P.A., William Robitzek (orally), Paul F. Macri, Lewiston, Peter Beckerman, Waterville, for plaintiff.

Eaton, Peabody, Bradford & Veague, P.A., John E. McKay (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Mutual Fire, Marine & Inland Insurance Company (Mutual) appeals from a money judgment awarded by the Superior Court (Kennebec County) to plaintiff Clarence B. Michaud. Michaud sued Mutual pursuant to Maine's reach and apply statute, 24–A M.R.S.A. § 2904 (1974), seeking insurance proceeds to satisfy a judgment recovered against Mutual's insured, Dr. Frederick Allen. On appeal, Mutual contends that the Superior Court erred by ruling that Mutual's asserted defense of lack of cooperation by its insured is not available in reach and apply actions. Alternatively, Mutual argues that if it is liable under section 2904, then due to inadequate notice to Mutual of the underlying lawsuit against its insured, section 2904 as applied in this case violates Mutual's right to due process. We deny the appeal.

## I.

The parties submitted this case to the Superior Court on an agreed statement of facts that reflects the following: On March 15, 1978, Mutual received a copy of a notice of malpractice claim sent by the plaintiff to defendant's insured. Between March 22, 1978 and January 18, 1979 Mutual unsuccessfully made repeated attempts to contact its insured by mail. On April 2, 1979 plaintiff commenced a medical malpractice action in Superior Court (Aroostook County) against defendant's insured, Dr. Allen, by effecting service upon him. Subsequently, no answer or appearance having been entered on behalf of Dr. Allen, plaintiff filed a motion for default judgment. On June 4, 1979, the Superior Court entered an order granting a default judgment as to liability and continuing the case for a hearing on damages. On February 20, 1980, Mutual learned for the first time of the pendency of the malpractice action against its insured. After affording notice to Mutual and holding a hearing on damages, the Superior Court (Aroostook County) awarded judgment on October 15, 1980, to plaintiff in the amount of $383,899.12. At no time did Mutual seek to participate in the malpractice action.

After recovering judgment against defendant's insured, plaintiff commenced the instant action in Superior Court (Kennebec County) pursuant to Maine's reach and apply statute, 24–A M.R.S.A. § 2904 (1974). That statute states in part:

> Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage. The insurer shall have the right to invoke the defenses described in this section in the proceedings.

It is undisputed that Mutual issued an insurance policy to Dr. Allen covering the malpractice alleged by the plaintiff and that the policy was in effect at the time of the alleged malpractice. Defendant con-

tended before the Superior Court, however, that Dr. Allen's breach of a cooperation clause in the insurance contract constituted a defense to plaintiff's reach and apply action.

The Superior Court first concluded that the insured's lack of cooperation is not encompassed within any of the defenses enumerated in section 2904.[1] The court then ruled that the defenses set forth in section 2904 are exclusive and that the failure of Mutual's insured to cooperate was not a defense to plaintiff's action. Mutual also contended before the Superior Court that if section 2904 renders it liable to satisfy plaintiff's judgment against its insured, then the statute would operate unconstitutionally because judgment as to liability was entered before Mutual received notice of the existence of the malpractice action. The Superior Court found that Mutual had an opportunity to participate in the damages phase of the action and, under the rules of civil procedure, could have sought to participate in the liability phase of that litigation. The Superior Court rejected the constitutional argument and entered judgment in favor of plaintiff Michaud. From this judgment defendant appeals.

## II.

We must first determine whether section 2904 excludes any defense other than the defenses enumerated, and thus, precludes Mutual from asserting the defense of lack of cooperation. In construing a statute, the court's task is "to give effect to the intent of the Legislature." *Concord General Mutual Insurance Co. v. Patrons-Oxford Mutual Insurance Co.*, 411 A.2d 1017, 1020 (Me.1980). The starting point for carrying out that task "must be the language of the statute itself." *State v. Vainio*, 466 A.2d 471, 474 (Me.1983).

The first sentence of section 2904 permits a judgment creditor to bring a direct action against an insurer to satisfy a judgment "if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of [the] accident, injury or damage." The second sentence states: "The insurer shall have the right to invoke the defenses described in this section in the proceedings." Following this sentence, six defenses are specifically enumerated.

Thus, section 2904 not only provides for a direct action, but also defines its contours. The first sentence describes those situations in which a judgment creditor may bring a reach and apply action, whereas the second sentence delineates, by reference, the defenses available to an insurer in such an action. Because we perceive sec-

---

1. The enumerated defenses are as follows:

   **1. Motor vehicle operated illegally or by one under age.** When the insured automobile, motor vehicle or truck is being operated by any person contrary to law as to age or by any person under the age of 16 years where no statute restricts the age; or

   **2. Motor vehicle used in race contest.** When such automobile, motor vehicle or trust [sic] is being used in any race or speed contest; or

   **3. Motor vehicle used for towing a trailer.** When such automobile, motor vehicle or truck is being used for towing or propelling a trailer unless such privilege is indorsed on the policy or such trailer is also insured by the insurer; or

   **4. Liability assumed.** In the case of any liability assumed by the insured for others; or

   **5. Liability under workmen's compensation.** In the case of any liability under any workmen's compensation agreement, plan or law; or

   **6. Fraud or collusion.** When there is fraud or collusion between the judgment creditor and the insured.

The court noted that Mutual did not allege that its insured made fraudulent representations or attempted to collude with plaintiff Michaud. The court then concluded that the conduct alleged, failure to cooperate in any way, did not constitute fraud or collusion within the meaning of § 2904(6). This conclusion is in accord with the Law Court's repeated statement that mere lack of cooperation does not give rise to the enumerated defense of fraud or collusion. *Camire v. Commercial Insurance Co.*, 160 Me. 112, 120–21, 198 A.2d 168, 173 (1964); *Medico v. Employers Liability Assurance Corp., Ltd.*, 132 Me. 422, 426, 172 A. 1, 3 (1934).

tion 2904 as defining and limiting the scope of reach and apply actions, we conclude that the Legislature intended the defenses enumerated in that section to be exclusive.

Defendant Mutual argues, however, that section 2904 does not unambiguously preclude defenses other than those enumerated, correctly pointing out the absence of an explicit statement to that effect. Assuming that any ambiguity survives a reading of the statute as a whole, the asserted ambiguity is dispelled by the historical context in which the Legislature enacted section 2904.

In *Camire v. Commercial Insurance Co.*, 160 Me. 112, 198 A.2d 168 (1964), the Law Court addressed developments in Massachusetts pre-dating the enactment of section 2904. In 1914, the Massachusetts Legislature enacted what the *Camire* court referred to as the parent statute to our own reach and apply law.[2] *Id.* at 119, 198 A.2d at 172. *See* Mass. Acts 1914, ch. 464, § 2. Three years later, the Massachusetts Supreme Judicial Court construed the reach and apply law as leaving open to insurers in reach and apply actions any defense that the insurer could have raised in an action on the policy brought by the insured. *Lorando v. Gethro*, 228 Mass. 181, 185, 117 N.E. 185, 187 (1917). Ten years after *Lorando*, the Maine Legislature enacted our own reach and apply statute, P.L. 1927, ch. 146, §§ 2–4, which is now codified, unchanged in any relevant respect, as section 2904. *Compare id with* 24–A M.R.S.A. § 2904 (1974).

Commenting upon this historical sequence, the *Camire* court stated:

> But our Legislature in adopting P.L., 1927, c. 146 subsequent to the 1914 Massachusetts law and the judicial pronouncements of *Lorando v. Gethro, supra,* . . . preferred to promulgate its statute with a detailed enumeration of the defenses available to an insurer.

*Camire v. Commercial Insurance Co.*, 160 Me. at 120, 198 A.2d at 173. We agree with the implication in *Camire*[3] that the Legislature, in enacting Maine's reach and apply law, intended to limit the defenses available under Maine law as compared to those available under Massachusetts law by allowing insurers to raise only the defenses specifically set forth in the statute. We hold that section 2904 contains an exclusive list of defenses available to insurers in reach and apply actions.

### III.

As its second claim of error, Mutual claims a denial of due process because it had no notice of the malpractice action against its insured until after the insured had suffered the entry of default judgment as to liability.[4] We reject defendant's claim.

The essence of due process is notice and an opportunity to be heard. *Mutton Hill Estates v. Town of Oakland*, 468 A.2d 989, 992 (Me.1983). Although specific requirements of due process may vary ac-

---

**2.** The Massachusetts statute stated:

> Upon the recovery of a final judgment against any person, firm or corporation by any person . . . for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

Mass. Acts 1914, ch. 464, § 2.

**3.** The *Camire* court did not decide whether the enumerated defenses were exclusive because it found that the insured's conduct constituted fraud, a listed defense. *Camire v. Commercial Insurance Co.*, 160 Me. at 121–22, 198 A.2d at 174.

**4.** Section 2904 contains a notice provision requiring only that prior to judgment the insurer have notice of the "accident, injury or damage." 24–A M.R.S.A. § 2904 (1974). That notice requirement was satisfied in this case.

cording to circumstances, *City of Auburn v. Mandarelli*, 320 A.2d 22, 29 (Me.1974), at a minimum, notice must be afforded at a meaningful time in the proceedings. *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970); *Sullivan v. Carignan*, 733 F.2d 8, 9 (1st Cir.1984).

■ To determine whether Mutual received notice at a meaningful stage of the malpractice action against its insured, we must first evaluate the effect of the Superior Court's action in granting default judgment as to liability. Under M.R.Civ.P. 55(c), a mere entry of default may be set aside for "good cause" whereas a default judgment can only be set aside in accordance with M.R.Civ.P. 60(b), which provides for relief from final judgments in certain circumstances. A party seeking to set aside a default judgment carries a heavier burden than one seeking to strike a simple default. *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981); *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D.Me.1984). *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2692, at 471 (2d ed. 1983) [hereinafter cited as 10 Wright & Miller]. The entry of default "is an interlocutory step that is taken under [M.R. Civ.P.] 55(a) in anticipation of a final judgment by default under [M.R.Civ.P.] 55(b)." 10 Wright & Miller, *supra*, § 2692, at 465. A default judgment, however, "is a final disposition of the case," *id.* at 466, implicating the rule favoring finality of judgments. In determining whether Mutual received notice at a time when it had a meaningful opportunity to defend, it is necessary to decide whether the award of default judgment as to liability constituted an interlocutory entry of default to be set aside upon a showing of good cause or a final default judgment that could only be set aside in accordance with M.R.Civ.P. 60(b).

■ A judgment becomes final when it completely disposes of an action, leaving no question that requires future action by the court. *Martel v. Inhabitants of Town of Old Orchard*, 404 A.2d 994, 995 (Me.1979). *See also United States v. F. & M. Schaeffer Brewing Co.*, 356 U.S. 227, 232, 78 S.Ct. 674, 677, 2 L.Ed.2d 721 (1958) (judgment final if it constitutes a court's "final act in the case"). Accordingly, courts have stated that a final default judgment cannot be entered until the amount of damages has been ascertained. *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D.Me.1984); *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D.Colo.1984). *Accord* 10 Wright & Miller, *supra*, § 2692, at 465. In light of these authorities, the entry in plaintiff's malpractice action against defendant's insured of default judgment as to liability pending a hearing on damages cannot be viewed as a final judgment requiring satisfaction of M.R. Civ.P. 60(b) before it could be set aside. Rather, we hold that the court's action constituted the entry of a default, subject to being set aside upon a showing of good cause.[5] *Cocklereece v. Moran*, 500 F.Supp. 487, 490–91 (N.D.Ga.1980) ("The entry of default is the equivalent of 'default judgment as to liability.'")

■ We conclude that the notice to Mutual, after default but prior to the hearing on damages, constituted meaningful notice adequate to satisfy the requirements of due process. We emphasize that no final judgment had been entered when Mutual received notice of the malpractice suit against its insured. In order to litigate the claim on its merits, Mutual would not have had to contend with the considerations in the law favoring the finality of judgments. Rather, Mutual's ability to litigate the factual allegations in plaintiff's complaint was barred only by an entry of default that could have been set aside upon a showing of good cause.

■ Good cause entails a showing of both a good excuse for the failure to answer or appear and a meritorious defense

---

**5.** Although M.R.Civ.P. 55(a) refers to entry of default by the clerk, a default may also be entered by the court. *See Breuer Electric Manu-* *facturing Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir.1982).

to the action. *McNutt v. Johansen*, 477 A.2d 738, 740 (Me.1984). On the record before us, we cannot determine whether Mutual would have prevailed on a motion to set aside the default that had been entered against its insured. That question, however, we need not answer. We evaluate only the opportunity available at the time Mutual received notice to determine whether that opportunity was sufficiently meaningful to satisfy due process. Had it sought to set aside the default and have the malpractice action determined on its merits, Mutual could have presented the Superior Court with the circumstances surrounding the occurrence of the default and with facts supporting any defense its insured may have had to the action. Because the law does not favor defaults, Mutual's request would have been considered with any doubt being resolved in favor of trial on the merits. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981); 2 Field, McKusick & Wroth, *Maine Civil Practice*, § 55.7, at 24–25 (2d ed. 1970). Furthermore, Mutual had full opportunity to participate in the hearing on damages. We hold that the notice given to Mutual after the entry of default but prior to the hearing on damages and entry of default judgment constituted notice at a meaningful time. As applied to this case, the operation of section 2904 does not violate Mutual's right to due process.

The entry is:

Judgment affirmed.

All concurring.