Dorothy A. CARRUTHERS

v.

MOPEDS OF MAINE, INC.

v.

MOPEDS MIDWEST CORPORATION
and Centaur Insurance Company.

Supreme Judicial Court of Maine.

Argued March 21, 1988.

Decided April 7, 1988.

John A. Woodcock, Jr. (orally), Mitchell & Stearns, Bangor, for Centaur Ins. Co.

George C. Schelling (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for Mopeds of Maine.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Centaur Insurance Company ("Centaur") appeals from an order of the Superior Court (Hancock County) denying a motion to permit Centaur to intervene and a motion to set aside a default judgment entered against Centaur's insured, Mopeds Midwest Corporation ("Midwest"). Even if we as-

sume that the court erred in denying intervention, the error is harmless because Centaur provided no basis for setting aside the default judgment. Accordingly, we affirm the judgment.

The relevant facts and allegations may be summarized as follows: On September 3, 1983, plaintiff Dorothy A. Carruthers was injured while riding on a moped rented from defendant, Mopeds of Maine, Inc. ("Maine"). On May 8, 1984, plaintiff filed a complaint against Maine, alleging that her injuries were caused by a defective moped. On June 20, 1984, Maine filed an answer denying liability, and on November 4, 1985, filed a third-party complaint against Midwest seeking indemnification and contribution. Allegedly, Midwest was the distributor of certain parts of the moped which may have been defective. The third-party complaint was served on Daryl H. Nims, President of Midwest, on September 26, 1985. Neither Mr. Nims nor Midwest responded to the suit, obtained counsel, or notified Centaur, Midwest's insurance carrier. On March 19, 1986, the Superior Court granted Maine's motion for default judgment on the issue of liability on the third-party complaint and continued the matter to await a determination of damages.

Centaur first received notice of the litigation on October 8, 1986, when it was informed of the default judgment by a telephone call from counsel for Maine. On October 14, 1986, Centaur requested that Maine voluntarily agree to waive the default. On October 23, 1986, Centaur retained counsel for Midwest. Counsel for Maine notified counsel for Midwest on January 5, 1987, that it would not remove the default voluntarily, and Midwest's counsel advised Centaur of this on January 23, 1987. On February 23, 1987, Midwest's counsel advised Centaur that there were no grounds under which Midwest could move to set aside the default judgment. On March 6, 1987, Centaur retained separate counsel. On March 20, 1987, Centaur filed a motion to intervene and a motion to set aside the default judgment together with accompanying affidavits. The Superior Court denied both motions and Centaur appeals.

■ We need not address the difficult question whether, under M.R.Civ.P. 24(a)(2),[1] Centaur has the requisite interest in the subject matter of the third-party action to intervene as a matter of right. *Compare Donna C. v. Kalamaras*, 485 A.2d 222 (Me.1984) (denying intervention to a general liability insurer seeking to intervene in suit against its insured for the purpose of litigating coverage issues and requesting special findings from the jury) *with Guaranty National Ins. Co. v. Pittman*, 501 So.2d 377 (Miss.1987) (granting intervention to a general liability insurer for the limited purpose of seeking to have a default judgment against its insured set aside). Assuming that Centaur should have been allowed to intervene, the Superior Court committed no error in declining to set aside the default judgment.

■ We have previously held that the entry of a default judgment on the issue of liability, pending a hearing on damages, is not a final judgment for purposes of M.R. Civ.P. 60(b). Such an order is treated as simply an entry of default and is subject to being set aside upon a showing of good cause pursuant to M.R.Civ.P. 55(c). *Michaud v. The Mutual Fire, Marine & Inland Ins. Co.*, 505 A.2d 786, 790 (Me.1986). Good cause requires a showing of both a good excuse for the failure to answer or appear and a meritorious defense to the action. *Id.* The affidavits filed by Centaur in support of its motion to set aside the default offer only the circumstances concerning Centaur's inaction, together with assertions relating to the existence of a meritorious defense on the part of Mid-

1. M.R.Civ.P. 24(a)(2) sets out in pertinent part the following criteria for intervention of right:
(a) Upon timely application anyone shall be permitted to intervene in an action. ... (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

west. The affidavits ignore completely the question of any excuse for Midwest's failure to answer. A default is entered only when a *party* has failed to plead or otherwise defend. M.R.Civ.P. 55(a). Accordingly, under either M.R.Civ.P. 55(c) or M.R.Civ.P. 60(b), an excuse for the party's conduct is required. In this case, the fact that Centaur may have a good excuse for its failure to act is irrelevant. We review the denial of a motion to set aside the entry of default only for an abuse of discretion. *Porges v. Reid,* 423 A.2d 542, 544 (Me. 1980). The case before us demonstrates no abuse of discretion.

The entry is:

Judgment affirmed.

All concurring.