**Floyd B. JACQUES**

v.

**AMERICAN HOME ASSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1992.

Decided June 8, 1992.

Leonard I. Sharon, Justin W. Leary (orally), Robert A. Laskoff, P.A., Lewiston, for plaintiff.

Michael E. Saucier, Thompson & Bowie, Portland, Mark A. Rosen (orally), Parker, Coulter, Daley & White, Boston, Mass., for defendant.

Before McKUSICK, C.J.,* and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Jacques appeals from a Superior Court decision (Cumberland County, *Alexander, J.*) granting summary judgment in favor of defendant American Home Assurance Company. On appeal, Jacques argues that the Superior Court erred in holding that application of Maine's reach and apply statute to a legal malpractice policy issued by American would violate American's right of due process. Jacques contends that, by voluntarily issuing the policy, American waived any right to notice other than notice of the accident, injury or damage. The Superior Court correctly held that American was denied a meaningful opportunity to defend and we affirm.

---

* McKusick, C.J. sat at oral argument and participated in the initial conference, but retired be-

In 1984, Jacques contacted attorney Joseph Mackey and discussed the possibility of bringing a suit for wrongful discharge from employment. A year later, Mackey filed a civil complaint against Jacques' former employer and union. Mackey eventually stipulated to a dismissal of the action after learning that it was barred by a six-month statute of limitations. In 1985, Mackey informed Jacques of the dismissal of the action and discussed his liability for malpractice. Mackey also notified his insurance agent of the incident. The agency reported the potential claim to American, which insured Mackey under a legal malpractice policy. After two years, during which no action had been commenced, American wrote to Mackey in 1987, stating that unless advised otherwise it would close its file in twenty days. American requested immediate notice of any further developments in Jacques' potential malpractice claim. Mackey did not respond to American's letter.

In July, 1988, Jacques sued Mackey for legal malpractice. Mackey failed to answer or appear or to notify American. In March of 1989, the Superior Court granted Jacques a default judgment in the amount of $200,000. In 1990, Jacques sued American, pursuant to 24-A M.R.S.A. §§ 2903 and 2904 (1990), in an attempt to reach and apply the proceeds of Mackey's legal malpractice policy to the default judgment. American received no notice of the proceedings against Mackey prior to Jacques' action against it. The Superior Court granted summary judgment to American, and this appeal followed.

American claimed, and the Superior Court concurred, that even if the reach and apply statute applies to purely economic losses, application of the statute to Jacques' claim would violate American's right of due process. Although he acknowledges that the notice given to American was constitutionally deficient, Jacques argues that by issuing the policy with knowledge of the limited notice required by

fore this opinion was adopted.

24 M.R.S.A. § 2904,[1] American waived any right to notice beyond the notice it received of the potential claim.

Due process requires that a party be provided notice and a "meaningful opportunity to defend." *Michaud v. Mutual Fire, Marine & Inland Ins.*, 505 A.2d 786, 789–90 (Me.1986). Implicit in section 2904 is the requirement that American be given notice that permits a meaningful opportunity to defend its interests. *See Bossie v. State*, 488 A.2d 477, 479 (Me.1985) (an unconstitutional interpretation of a statute will be avoided where a reasonable interpretation of a statute will satisfy constitutional requirements). Notice of the proceedings after the entry of a final judgment by default affords no meaningful opportunity to defend. Waiver of due process rights to notice and the opportunity to be heard must be clear and unequivocal. *Fuentes v. Shevin*, 407 U.S. 67, 95, 92 S.Ct. 1983, 2001–02, 32 L.Ed.2d 556 (1972). American never clearly and unequivocally waived its constitutional right to notice affording a meaningful opportunity to defend.[2]

The entry is:

Judgment affirmed.

CLIFFORD and COLLINS, JJ., concurring.

GLASSMAN, Justice, with whom ROBERTS, Justice, joins, concurring in part and dissenting in part.

I agree that Jacques's reliance on 24–A M.R.S.A. §§ 2903 and 2904 (1990) in an attempt to reach and apply the proceeds of Mackey's legal malpractice insurance policy to the default judgment must fail and the trial court properly granted a summary judgment to American on that issue. I

reach that conclusion, however, on the basis that a legal malpractice action is not within the purview of sections 2903 and 2904, and accordingly, the court should not determine this issue on the basis of constitutional due process. *See State v. Bassford*, 440 A.2d 1059, 1061 (Me.1982) (appellate courts should avoid expressing opinions on constitutional law when nonconstitutional resolution of issue in controversy exists); *Osier v. Osier*, 410 A.2d 1027, 1029 (Me.1980) (constitutional question to be decided only when "entirely necessary").

Section 2904 is triggered only when a person "recovers a final judgment against any other person for any loss or damage specified in section 2903...." Section 2903 in turn specifies such loss as "accidental loss or damage on account of personal injury or death or on account of accidental damage to property...." A legal malpractice insurance policy insures against economic loss to clients as a result of an insured attorney's negligence. Clearly such economic loss is not due to personal injury or death. Thus it must be considered accidental damage to property if it is to come within the scope of section 2904's reach and apply provision.

A chose in action may for some purposes be intangible personal property. I believe, however, that a fair reading of sections 2903 and 2904 must lead to the conclusion that loss due to damage to such intangible property was not intended to be covered by those sections. Although we have previously stated it is not confined to vehicular insurance policies, Maine's statutory reach and apply law codified at sections 2903 and 2904 was created to meet the proliferation of bodily injury and property damage due to vehicular accidents. *See Marston v. Merchants Mutual Ins. Co.*, 319 A.2d 111,

---

**1.** 24–A M.R.S.A. § 2904 provides, in pertinent part, that:

Whenever any person ... recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action ... against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured

against such liability *and if before the recovery of the judgment the insurer had notice of such accident, injury or damage.*

24–A M.R.S.A. § 2904 (1990) (emphasis added).

**2.** Because we find no waiver of American's right to a meaningful opportunity to defend, we do not reach the issue of whether the type of injury alleged by Jacques falls within the scope of 24–A M.R.S.A. § 2903.

114 (Me.1974). In that context the phrase "damage to property" must necessarily have been intended by the legislature to include only tangible property capable of being damaged in such an "accidental" manner. That a claim against a policy for legal malpractice insurance does not come within the purview of sections 2903 or 2904 is supported by the Massachusetts case of *Johnson Controls, Inc. v. Bowes,* 381 Mass. 278, 409 N.E.2d 185 (1980). In *Johnson Controls,* the Massachusetts Supreme Court interpreted Mass.Gen.L. ch. 175, §§ 112 and 113, which contain nearly identical language to sections 2903 and 2904 and are "the parent statute[s] to [Maine's] reach and apply law," *Michaud v. Mutual Fire, Marine & Inland Ins. Co.,* 505 A.2d 786, 789 (Me.1986), as not encompassing a legal malpractice insurance policy and held that the appropriate procedural vehicle for reaching such policy is pursuant to common law.