**E.C. KNIGHT, et al.**

v.

**MAINE MUTUAL FIRE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1994.

Decided Dec. 20, 1994.

Francis E. Bemis, Hardings Law Offices, Presque Isle, for plaintiffs.

John C. Walker, John C. Walker & Associates, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Eugene C. Knight and Heidi T. Knight (the Knights) appeal from the entry of a summary judgment in the Superior Court (Aroostook County, *Pierson, J.*), in favor of Maine Mutual Fire Insurance Company (Maine Mutual). The Knights had filed an action against Maine Mutual pursuant to our reach and apply statute, 24–A M.R.S.A. § 2904 (1990), attempting to reach and apply Daniel Stephenson's homeowner's insurance policy to satisfy a judgment obtained by the

Knights against Stephenson. The Knights argue that disputes of fact exist as to whether Maine Mutual had notice of the Knights' claim against Stephenson, and whether the policy covered their loss. The notice provided Maine Mutual was insufficient to allow Maine Mutual an opportunity to defend. Because notice is a prerequisite to application of the reach and apply statute, we do not reach the question of coverage. We affirm the entry of a summary judgment.

The Knights filed a three-count complaint against Stephenson claiming that Stephenson had built a structure that encroached upon their property. Count I alleged trespass, count II sought the fair rental value of the encroachment, and count III sought punitive damages. The Knights and Stephenson eventually reached a settlement and a stipulated judgment was entered in the Superior Court.

The Knights then brought this action against Maine Mutual seeking to reach and apply Stephenson's policy. Maine Mutual moved for a summary judgment, asserting 1) it had no notice of the original action and thus no meaningful opportunity to defend, and 2) Stephenson's policy did not cover the occurrence. Maine Mutual's motion was granted, summary judgment entered, and this appeal followed.

■ We review a summary judgment by examining the evidence in the light most favorable to the party against whom it was awarded and the trial court's decision for errors of law. *Chadwick–BaRoss v. T. Buck Const.*, 627 A.2d 532, 534 (Me.1993). A summary judgment is appropriate when there is no genuine issue as to any material facts and a party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c).

■ We construe a statute in accordance with the intent of the Legislature. *Michaud v. Mutual Fire, Marine & Inland Ins.*, 505 A.2d 786, 788 (Me.1986). We begin with the language of the statute. *Id.* The reach and apply statute requires both a notice and coverage in order for a judgment creditor to have insurance money applied to satisfy a judgment. 24–A M.R.S.A. § 2904 (1990) provides in pertinent part:

Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and *if before the recovery of the judgment the insurer had had notice of such accident, injury or damage.*

24–A M.R.S.A. § 2904 (1990) (emphasis added).

■ The policy itself contains a provision outlining the insured's "duties after loss." The provision reads in pertinent part:

In case of an accident or occurrence, the insured will perform the following duties that apply. You will help us by seeing that these duties are performed:

a. give written notice as soon as is practical, which sets forth:

(1) the identity of the policy and insured;

(2) reasonably available information on the time, place and circumstances of the accident or occurrence;

(3) names and addresses of any claimants and witnesses;

b. promptly forward to us every notice, demand, summons or other process relating to the accident or occurrence....

(emphases omitted.) Courts read insurance policy notice requirements liberally in favor of insureds, finding a notice that substantially complies with the requirements sufficient to satisfy the purpose of giving the insurer an adequate opportunity to investigate. *See e.g., Perry v. Middle Atl. Lumbermens Ass'n*, 373 Pa.Super. 554, 542 A.2d 81, 89 (1988) (Alloc. denied, 520 Pa. 618, 554 A.2d 510 (1984)); *Canyon Country Store v. Bracey*, 781 P.2d 414, 418 (Utah 1989); *Sevier v. United States Fidelity & Guar. Co.*, 497 So.2d 1380, 1384 (1986). *See generally* 46A C.J.S. *Insurance* § 1256 (1993). In *Jacques v. American Home Assur. Co.*, 609 A.2d 719, 721 (Me.1992), however, we found that the

notice provision of section 2904 contemplated notice sufficient to permit "a meaningful opportunity" for the insurer "to defend its interests." *Id.* at 721.

▪ The first contact with Maine Mutual occurred when an attorney retained by Stephenson contacted Maine Mutual. The attorney's affidavit states, "Upon learning that Stephenson had homeowner's insurance, I contacted Maine Mutual Fire Insurance Company to ascertain whether they provided coverage for a trespass or boundary encroachment action." The affidavit continued, "Maine Mutual Fire Insurance Company advised me that they did not provide coverage for such actions."

We do not consider this sufficient notice to have allowed Maine Mutual a meaningful opportunity to defend. The silences in the attorney's affidavit speak louder than the statements. He neither specified that he was referring to a specific case, policyholder or potential claim, nor specifically made a request or demand for coverage or defense. If the notice was more specific, neither he nor the Knights so stated. Even viewed in the light most favorable to the Knights, the attorney's inquiry cannot be considered notice sufficient for the company to permit "a meaningful opportunity" for the insurer "to defend its interests." It is certainly not notice as contemplated and required by the policy itself.

The next contact with Maine Mutual occurred after Stephenson and the Knights reached a settlement but before the entry of the stipulated judgment. Stephenson presented a Maine Mutual agent with the settlement documents, one of which was a side agreement containing a paragraph describing the possibility of an action by the Knights against Maine Mutual. Concerned that he might lose Maine Mutual's business, Stephenson inquired if there would be any "hard feelings" if the Knights proceeded against Maine Mutual. Stephenson's inquiry was neither a notice of the Knights' claim, a request that Maine Mutual defend the action, or a request for indemnity.

▪ Because Stephenson failed to satisfy the notice requirement of the reach and apply statute, we need not reach the question whether his policy covered the occurrence in question.

The entry is:

Judgment affirmed.

All concurring.