STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-02-177

DEC. 1 2004

PATRONS OXFORD )
INSURANCE COMPANY, )
                    Plaintiff, )
                              )
                              )
                              )
            v.                )          **ADDITIONAL FINDINGS**
                              )
                              )
                              )
PRESTON HARRIS                )
              Defendant,      )
and                           )
                              )
                              )
DARRELL LUCE, JR.,            )
          Party in interest/  )
          Counterclaimant.    )

FILED & ENTERED
SUPERIOR COURT

OCT 27 2004

PENOBSCOT COUNTY

Upon Plaintiff's request,[1] the court finds as follows: Harris operated the Ferguson vehicle to the party. He had the keys on his person at the party as he had been driving before; and Harris never advised Ferguson that he did not have a valid driver's license.

The Clerk may incorporate these additional findings upon the docket by reference.

Dated: October 26, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[1] The court does not necessarily agree with Plaintiff's representation that these findings are necessary to enable proper judicial review.

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-02-177

PATRONS OXFORD
INSURANCE COMPANY,
               Plaintiff,

v.

PRESTON HARRIS
               Defendant,
and

DARRELL LUCE, JR.,
            Party in interest/
            Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DECISION AND JUDGMENT**

FILED & ENTERED
SUPERIOR COURT

OCT 13 2004

PENOBSCOT COUNTY

Trial held: September 9, 2004

      The Plaintiff moves for a declaratory judgment concerning its obligation to indemnify in this matter; Party-in-interest Darrell Luce, Jr., seeks to reach and apply insurance proceeds in accordance with a Judgment of this Court on October 29, 2003, in the matter of Luce v. Harris.[1] The parties have offered an extensive Stipulation regarding many of the salient facts in this dispute. A trial was held on the above date. The testimony of Kurt Ferguson, Preston Harris, and Darrell Luce, Jr, was taken.

      Many of the facts are undisputed. Darrell Luce was injured when he was struck by a vehicle owned by Kurt Ferguson's father (and insured by Plaintiff) and operated by Preston Harris. Those injuries are the subject of the October 29, 2003, Judgment. During the course of the Luce v. Harris lawsuit, the parties entered into a stipulation which admits liability and an agreement providing that Harris would not contest the damage aspect of the claim. In return, the Luce promised that he would not levy on the execution against him personally – recovery would be sought only from the insurance carrier (the Plaintiff herein). Upon being advised of this situation, the Plaintiff herein (which was defending under a reservation of rights) was greatly opposed and sought to derail the agreement. This court refused to permit it to intervene in the underlying action. Plaintiff maintained, and continues to maintain, that the agreement between Harris and Luce prevented the assertion of potentially meritorious defenses.

---

[1] Penobscot County Superior Court docket number CV-02-149.

At this juncture, the court must address the preliminary issue of whether Harris was an insured of the Plaintiff. On this issue, the Plaintiff argues that Harris had no reasonable basis to believe that he was entitled to operate the insured vehicle. Among other things, Harris admits that he was quite intoxicated and lacked a valid driver's license at the time of the incident. Plaintiff also suggests that Kurt Ferguson was too intoxicated to authorized the use of his father's vehicle.

The arguments are well taken, but must be taken in full context. Both men were aware of the fact that they had been consuming alcohol before setting out on their ill fated journey. They were aware of a large party which was taking place nearby and set out to join the people who had gathered. Immediately upon their arrival, a heated confrontation ensued and the men were directed by a large and hostile mob to depart immediately or bodily harm would likely occur.

It was in this highly charged atmosphere that the men entered the Ferguson vehicle. Harris was in the driver's seat. Both men understood that a quick departure was in their best interests. Obviously no extended colloquy occurred between these individuals regarding the use of the vehicle. Regardless of whether an express, verbal authorization was communicated by Ferguson to Harris, this court finds little difficulty in concluding that Harris operated the vehicle at that moment with the approval of – and perhaps at the request of – Kurt Ferguson. Although the lack of a license and consumption of alcohol would ordinarily lead an automobile owner away from allowing such a person to drive their vehicle, the exigent circumstances here dictate a lower threshold for authorization. Accordingly, the court finds that Harris was an insured of the Plaintiff under these circumstances..

These "reach and apply" and declaratory judgment actions turn upon the permissibility of the settlement reached in the Luce v. Harris matter. Plaintiff herein complains bitterly – and understandably so – that it has been shut out of a decision making process which substantially affects its obligation to indemnify. Specifically, its insured (Harris) has entered into an agreement whereby he essentially forfeits his right to defend. In return, Luce will not seek to recover against him personally. He will limit his efforts to insurance carriers.

While this arrangement operates to subvert the usual course of litigation, the court cannot say that it violates the law or the contract of insurance. In many instances an insurer and an insured may disagree upon the likely outcome of a trial. The insurer may feel that it is a good idea to "roll the dice" and take the chance that a jury may return a large verdict with the possibility that the coverage may be insufficient to protect the insured from a deficiency. The insured may take an altogether different view – he may feel that his chances with a jury are poor and he does not want to gamble if the case can be settled within the coverage. In such instances, the insurer controls the decision making process – it can proceed as it deems fit (although a bad faith claim may be precipitated) because it controls the purse strings.

The circumstances here represent a reversal of control. The insured clearly has the authority to compromise his own case. In many instances a stipulation to agree to liability is a wise decision. A decision to forfeit a damages hearing is somewhat more dubious proposition, but a defendant, in his own wisdom, may deem it in his own

interest to do so. In this instance, the Luce's promise to forbear personal collection clearly makes it in the Harris' interest to do so.

As noted by the parties, reach and apply actions are fairly straightforward statutory proceedings with little room for defense or avoidance as long as the insurer had notice of the proceedings and the defendant was an insured. 24-A MRSA §2904. Both of these requirements are met here. Only one of the enumerated defenses could possibly apply – subsection 6 (fraud or collusion). As the Defendant kept the Plaintiff advised of the agreement at all times, fraud does not apply. Although Harris clearly did not cooperate with the Plaintiff in the defense of this claim, a mere failure to cooperate is insufficient to make out a case of collusion. <u>Michaud v. Mutual Fire, Marine & Inland Insurance Company,</u> 505 A.2d 786 (Me. 1986). Although there appears to be no Maine case on this narrow point, this court cannot find that a settlement agreement which is clearly in an insured's best interest (but places a carrier in a position where it cannot control the procedural aspects of the litigation) *ipso facto* constitutes collusion.[2] Further, the court cannot find that the agreement deprived the Plaintiff of due process, particularly in the circumstance where it defended under a reservation of rights

Accordingly, judgment is issued for both parties on the declaratory judgment action as follows: parties' rights vis-à-vis the contract and coverage issue established as noted above. Judgment is granted in favor of Party-in-interest Luce in his reach and apply action. Judgment is rendered in the amount of the Judgment in CV-02-149 (plus interest and costs as established in that action).

The Clerk may incorporate this Order upon the docket by reference.

Dated: October 13, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[2] In this matter, Plaintiff cannot demonstrate that this case would have ended differently in the absence of the agreement.

PATRONS OXFORD INSURANCE COMPANY - PLAINTIFF
P O BOX 1960
AUBURN ME 04211
Attorney for: PATRONS OXFORD INSURANCE COMPANY
JAMES D POLIQUIN  - RETAINED 10/08/2002
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00177

DOCKET RECORD

VS
PRESTON HARRIS  - DEFENDANT
97 SANDY BEACH ROAD
GLENBURN ME 04401
DARRELL LUCE JR - PARTIES IN INTEREST
CRAIG ESTATES MAIN STREET LOT 19
CORINTH ME 04427

Attorney for: DARRELL LUCE JR
PAUL MACRI  - RETAINED 03/20/2003
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

Attorney for: DARRELL LUCE JR
JACK SIMMONS  - RETAINED 03/20/2003
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

Filing Document: COMPLAINT                     Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 10/08/2002

# Docket Events:

10/08/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/08/2002

10/08/2002 Party(s):  PATRONS OXFORD INSURANCE COMPANY
          ATTORNEY - RETAINED ENTERED ON 10/08/2002
          Plaintiff's Attorney: JAMES D POLIQUIN

10/08/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/08/2002
          FORWARDED TO PLAINTIFF'S ATTORNEY.

11/18/2002 Party(s):  DARRELL LUCE JR
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 11/13/2002

11/18/2002 Party(s):  DARRELL LUCE JR
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 11/06/2002
          AS TO PARTY IN INTEREST, DARRELL LUCE, JR. BY PAUL MACRI, ESQ.

11/21/2002 Party(s):  PRESTON HARRIS
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/21/2002