2007 ME 56

**John MacDOWALL**

v.

**MMG INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued: Jan. 17, 2007.
Decided: May 1, 2007.

Paul F. Macri (orally), Tyler N. Kolle, Berman & Simmons, P.A., Lewiston, for plaintiff.

James D. Poliquin. (orally), Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and ALEXANDER, CALKINS, LEVY, and SILVER, JJ.*

* Justice Howard H. Dana Jr. sat at oral argument and participated in the initial conference but retired before this opinion was certified.

Majority: CALKINS, LEVY, and SILVER, JJ.

Dissent: SAUFLEY, C.J., and ALEXANDER, J.

SILVER, J.

[¶ 1] MMG Insurance Company appeals from a judgment entered in the Superior Court (Somerset County, *Jabar, J.*) granting John MacDowall's motion for a summary judgment in a reach and apply action to obtain insurance proceeds. MMG contends it did not receive a meaningful opportunity to participate in the underlying tort action and thus did not receive due process in the reach and apply action. We disagree and affirm the judgment.

## I. BACKGROUND

### A. The Tort Action

[¶ 2] On March 22, 2001, during a snowstorm, John MacDowall was walking his bicycle along Route 100 in Palmyra when he was struck by a car driven by Corey Burrill. Burrill was driving his then-girlfriend's father's car. At the time of the accident, Burrill and the automobile were covered by liability insurance under a policy issued by Maine Mutual Fire Insurance Company. Maine Mutual is a predecessor of MMG, and MMG succeeded to all claims made against Maine Mutual policies.

[¶ 3] After the accident, MacDowall's attorney commenced settlement negotiations with a representative of MMG. These negotiations began on September 1, 2001, and ended without resolution on November 19, 2001.

[¶ 4] On June 12, 2002, MacDowall brought an action for negligence against Burrill. Burrill was served with the complaint on September 27, 2002. Burrill failed to respond to the complaint and a default judgment was entered on November 20, 2002. In December 2002, MMG became aware of the default judgment, and on January 28, 2003, it moved to remove the entry of default. The Superior Court denied the motion to remove the default. The court held a hearing on damages, which MMG participated in on behalf of Burrill. The court then entered a judgment of $124,874.96 against Burrill. Burrill appealed that decision to us, and we affirmed the judgment in a Memorandum of Decision on July 30, 2004. *See MacDowall v. Burrill,* No. Mem–04–112 (July 30, 2004).

### B. The Reach and Apply Action

[¶ 5] Pursuant to the reach and apply statute, 24–A M.R.S. § 2904 (2006), MacDowall brought suit against MMG to satisfy the judgment he had obtained against Burrill. MacDowall moved for a summary judgment. The Superior Court granted the motion, awarding $141,252.56 to MacDowall.

[¶ 6] Pursuant to M.R. Civ. P. 59(e), MMG moved to alter or amend the judgment to an award of $100,000, the insurance policy limit. The court granted the motion. MacDowall objected to the motion, and, in the alternative, moved to amend the judgment to include post-judgment interest and costs. The court granted the motion in part and amended the judgment to include interest and costs. This appeal followed.

## II. DISCUSSION

[¶ 7] We review questions of law de novo. *Blanchard v. Sawyer,* 2001 ME 18, ¶ 5, 769 A.2d 841, 843. Pursuant to the reach and apply statute, if a judgment is recovered for loss or damage as specified in section 2903, the judgment creditor is allowed to have insurance money satisfy

the judgment. 24–A M.R.S. § 2904.[1] The statute imposes two requirements: (1) "when the right of the action accrued, the judgment debtor was insured against such liability," and (2) "before the recovery of the judgment the insurer had had notice of such accident." *Id.*

[¶ 8] Although the plain language of the statute merely requires notice before the judgment is recovered, we have determined that to comport with due process notice must be given at a "meaningful time in the proceedings." *Michaud v. Mut. Fire, Marine & Inland Ins. Co.*, 505 A.2d 786, 789–90 (Me.1986). Presented with facts similar to the facts of the present case, we determined in *Michaud* what procedural moment is "meaningful." *Id.*

[¶ 9] In *Michaud*, the defendant, Mutual Fire, an insurance company, received notice of a malpractice claim against its insured only after a default judgment as to liability was entered against the insured. *Id.* at 787. Although Mutual Fire was informed of the entry of the default judgment before the hearing on damages, it chose not to participate in the hearing, and the plaintiff was awarded a final monetary judgment. *Id.* We determined that meaningful notice was afforded to Mutual Fire after the entry of a default, but before that default was rendered final. *Id.* at 790. We supported that holding by reasoning that Mutual Fire could be relieved from the entry of default through a showing of good cause. *Id.* As the judgment was not final, Mutual Fire did not have to face the higher burden of setting aside the judgment pursuant to M.R. Civ. P. 60(b). *Id.* Instead, under a good cause standard, Mutual Fire had to show: (1) a good excuse for a failure to answer or appear, and (2) a meritorious defense. *Id.* at 790–91. Mutual Fire was afforded the opportunity to present a claim for good cause, and that opportunity was "sufficiently meaningful to satisfy due process." *Id.* at 791.

[¶ 10] We have "long recognized that the essence of due process is notice and an opportunity to be heard." *Patrons Oxford Ins. Co. v. Harris*, 2006 ME 72, ¶ 13, 905 A.2d 819, 825 (quotation marks omitted). In a reach and apply action pursuant to section 2904, an insurer must be given "notice of a claim such that it has a 'meaningful opportunity to defend its interests.'" *Id.* (quoting *Jacques v. Am. Home Assurance Co.*, 609 A.2d 719, 721 (Me.1992)). In the context of section 2904, due process seeks to ensure that an *opportunity* is afforded to the insurer; "[w]e evaluate only the opportunity available at the time [the insurer] received notice to determine whether that opportunity was sufficiently meaningful to satisfy due process." *Michaud*, 505 A.2d at 791.

[¶ 11] Thus, the factual distinctions between *Michaud* and the present case— MMG moved to remove the entry of default entered against its insured and contested damages—do not matter. MMG was afforded the same opportunities as the insurer in *Michaud*, and we have deter-

---

1. Section 2904 reads in relevant part:

    Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of the action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage. The insurer shall have the right to invoke the defenses described in this section in the proceedings. None of the provisions of this paragraph and section 2903 shall apply:

       . . . .

mined that those opportunities meet the requirements of due process.

[¶ 12] The dissent properly outlines the circumstances of the accident in the light most favorable to MMG. However, those circumstances are only minimally relevant to our decision.

[¶ 13] Armed with the very facts outlined by the dissent, MMG attempted to remove the default. The Superior Court rejected MMG's contentions. On appeal, we determined that the Superior Court did not abuse its discretion in determining that MacDowall's failure to notify MMG did not provide good cause for Burrill's failure to respond to MacDowall's complaint. Thus, we rejected MMG's contention, now advanced by the dissent, that the facts of this case constitute a good excuse for Burrill's failure to answer.

[¶ 14] Further, whether MMG had a good excuse or not is irrelevant to our inquiry in the present case. Our judgment is based on whether MMG received due process. We make that determination by examining the opportunities afforded to MMG. *See id.* MMG had the opportunity to remove the default. It was unsuccessful. MMG also had the opportunity to contest damages. Those opportunities are sufficiently meaningful to satisfy due process.

[¶ 15] MMG's other contention that the court erred in awarding MacDowall costs and post-judgment interest does not merit discussion.

The entry is:

Judgment affirmed.

ALEXANDER, J., with whom SAUFLEY, C.J., joins, dissenting.

[¶ 16] I respectfully dissent. This matter is before the Court on appeal from a summary judgment in favor of John Mac-Dowall. In reviewing the grant of a summary judgment, we must consider the evidence "in the light most favorable to the nonmoving party, to decide whether the parties' statements of material fact and referenced record evidence reveal a genuine issue of material fact." *Rice v. City of Biddeford,* 2004 ME 128, ¶ 9, 861 A.2d 668, 670. The facts, taken most favorably to MMG, do not support a summary judgment in favor of MacDowall.

[¶ 17] Let us look at those facts. The accident at issue occurred on March 22, 2001, along Route 100, a high speed, rural road in Palmyra. It was dark and snowing heavily. Because of the snow, Corey Burrill was driving his vehicle at a speed of twenty-five to thirty-miles-per-hour in the fifty-mile-per-hour zone. The plaintiff, John MacDowall, wearing a black jacket and black jeans, was drunk and walking his bicycle in the middle of Route 100 when he was hit by Burrill's vehicle.

[¶ 18] Shortly after the accident, MMG was contacted by a lawyer for MacDowall, who demanded that MMG pay him the policy limit of $100,000 for MacDowall's injuries. After several contacts, MMG advised MacDowall's lawyer that it would pay him nothing because MacDowall was injured due to his own fault, walking in the middle of a road, after dark, in a snowstorm, while drunk, and wearing dark clothing.

[¶ 19] After this contact, MacDowall's claim was transferred to a different law firm. MacDowall's complaint against Burrill was filed in June 2002. The second law firm did not send a copy of the complaint to MMG or otherwise notify MMG that a complaint had been filed. Burrill did not respond to the complaint and was defaulted in November 2002. MMG became aware of the default in December 2002 and moved to set aside the default. The Superior Court denied the motion,

held a hearing on damages, and awarded MacDowall the damages addressed in the Court's opinion.

[¶ 20] The Court's opinion correctly outlines the law that governs our decision-making in this case. The Court notes that to comport with due process requirements, MMG must have received notice of the action against Burrill at a "meaningful time in the proceedings" (quoting *Michaud v. Mut. Fire, Marine & Inland Ins. Co.*, 505 A.2d 786, 789–790 (Me.1986)). The Court also notes that when a default has been entered against an insured in an underlying action, and the insurance company was not notified of the action prior to the default, the default may be stricken when the insurance company can demonstrate: "(1) a good excuse for a failure to answer or appear, and (2) a meritorious defense."

[¶ 21] Here, the undisputed facts establish that MMG had no notice of the action against Burrill prior to entry of the default. Further, during its last contact with representatives of MacDowall, MMG had expressed its view that there was no basis for any liability and that MacDowall was injured entirely as a result of his own fault.

[¶ 22] In essence, according to the law stated by the Court, there would seem to be little dispute that, in this summary judgment proceeding, MMG's due process rights were violated because MacDowall failed to notify it of the action initiated against Burrill until after a default was entered. MMG has also established that because it was not notified, in violation of MMG's due process rights, it has a good excuse for its failure to answer and appear in the action. Further, MMG, pointing to MacDowall's fault, has demonstrated a meritorious defense. Thus, according to the law as stated by the Court, summary judgment should have been denied. MMG should be afforded the opportunity to defend the merits of the action and require MacDowall to prove that Burrill was responsible for his injuries.

[¶ 23] The Court's opinion suggests that once a non-cooperating insured is properly defaulted, and the trial court refuses to strike the default, the insurance company has had adequate due process. That is a change from our jurisprudence that required that, independent of notice to the insured, the insurer must have had meaningful notice of an action. I would not change our prior law.

[¶ 24] Allowing MacDowall to recover over $100,000, rewards him with a significant windfall for his own drunken and careless acts, and violates the due process rights to fair notice that MMG has under the reach and apply statute. Accordingly, I would vacate the Superior Court judgment.