STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-08-274
REC-

KENNETH J. LATHROP,
                    Plaintiff

v.

LINETTE C. GEORGE
and
MMG INSURANCE COMPANY,
                    Defendants

ORDER ON DEFENDANT
LINETTE C. GEORGE'S
MOTION TO SET ASIDE ENTRY
OF DEFAULT AND MOTION
FOR LEAVE TO FILE ANSWER
AND DEFEND

Before the Court is Defendant Linette C. George's Motion to Set Aside Entry of

Default pursuant to M.R. Civ. P. 55(c) and her Motion for Leave to File an Answer and

Defend.

## PROCEDURAL HISTORY

In early May 2008, Plaintiff Kenneth J. Lathrop ("Plaintiff" or "Mr. Lathrop")

filed a complaint containing a negligence claim against Defendant Linette C. George

("Ms. George"), and a breach of contract claim against Defendant MMG Insurance

Company ("MMG"). From the beginning, Attorney Jonathan Brogan represented MMG

and timely filed all necessary documents.

Effecting service on Ms. George posed significant difficulties for the Plaintiff. On

July 24, 2008, the Court issued an Order for Service by Publication. Service was

complete on August 22, 2008.[1] The Order for Service by Publication states, "That within

twenty days *after service is completed* . . . Defendant Linette C. George shall appear and

defend this action by filing an answer . . . ." September 11, 2008 was the twentieth day.

Ms. George did not file a timely answer.

---

[1] The Order for Service by Publication states, "That service by publication is completed on the 21st day after the first publication." The service advertisement appeared in the Portland Press Herald and Maine Sunday Telegram on August 1, 8, 15, 2008.

On September 4, 2008, Plaintiff requested an entry of default, which the clerk entered on September 8, 2008.[2] On September 26, 2008, Ms. George filed the motion currently before the Court.[3]

## FACTUAL BACKGROUND

This case arises out of a pedestrian-automobile collision that occurred on July 16, 2007. Ms. George was the operator of motor vehicle that struck Mr. Lathrop. At the time of the accident, Ms. George did not have liability insurance. Mr. Lathrop's insurance through MMG included uninsured/underinsured motorist coverage protection ("UM Coverage"). However, MMG denied Mr. Lathrop's payment requests.

Plaintiff's counsel made diligent efforts[4] to effect personal service at the address listed on the police report for the accident. Unbeknownst to Plaintiff's counsel, Ms. George moved from that address about two months after the accident. Initially, she moved to 16 Mitton Street, Portland and then to Glenburn, Maine to stay with her mother. On August 29, 2008, a professional investigator, hired by MMG, located Ms. George.[5] Four days later, on September 3, 2008, Attorney Brogan wrote to Attorney Center and explained that MMG had located Ms. George for service.[6] MMG sent Ms. George a copy of that letter and sent her a copy of the service by publication. Therefore, it is undisputed that Ms. George had actual notice of the Complaint prior to September 11, 2008, the deadline to file an answer. Ms. George conferred with an attorney

---

[2] There is no explanation why Plaintiff sought entry of default before the default had occurred. The clerk prematurely entered default on September 8, 2008. As indicated above, Ms. George had until September 11, 2008 to respond to the service by publication. The parties do not raise this issue. This timing error would only raise serious concerns if Ms. George had filed her answer within the three-day window between the 8th -11th. In this case, the timing error is not dispositive because Ms. George did not file her answer until September 26, 2008 when she filed her motion to set aside the entry of default.

[3] To date, neither Attorney Brogan nor Attorney Rush filed an Entry of Appearance on behalf of Ms. George.

[4] In an effort to secure personal service, Plaintiff's counsel retained a private consulting service, forwarded the paperwork for service to the authorized agent for service in the last known county where Ms. George resided, and sought assistance from the Cumberland County Sheriff's Office.

[5] The start date for this investigation is unknown.

[6] Attorney Center states he received this letter *after* he requested the entry of default.

2

promptly after receiving notice of the Complaint. Sometime thereafter, MMG gave Attorney Brogan its authority to represent Ms. George's interests in the suit, up to the UM Coverage policy limits.

## DISCUSSION

Under M.R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." In order to establish good cause, "a party must show a good excuse for his or her untimeliness and a meritorious defense." *Truman v. Browne*, 2001 ME 182, ¶ 9, 788 A.2d 168, 170. The good excuse and meritorious defense elements are "two distinct components, both of which must be satisfied in order to prevail on a Rule 55(c) motion." *Levine v. Keybank Nat. Assoc.*, 2004 ME 131, ¶ 20, 861 A.2d 678, 684 (internal quotation omitted).

The backdrop of this analysis "is a strong preference in our law for deciding cases on the merits." *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995). Indeed, "motions to set aside a default motion have been granted in cases when no gross neglect was involved in the late filing, the nondefaulting party will not be substantially prejudiced by reopening the case, and a meritorious defense exists." *Id.* (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2696 at 518-19 (1983)).

### I. Good Excuse

The foundation of a good excuse is a "reasonable explanation," as to why the delay occurred.[7] *Levine*, 2004 ME 131, ¶ 21, 861 A.2d at 684. In one case, the Law Court set aside an entry of default because the defaulting party "went to considerable lengths to assure a timely response to the cause of action against him." *Thomas*, 653 A.2d at 420.

---

[7] "The denial of such a motion is reviewed only for an abuse of discretion, with great deference accorded to the determinations of the trial court." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1192-93 (Me. 1993).

There, Thompson, the defaulting party, promptly forwarded the summons and complaint to his insurer, and when he inquired about his case, the insurer informed him that they could not locate the paperwork sent to them by Thompson. *Id.* In response to this, Thompson faxed the documents to the insurer. *Id.* While the Court noted that an "insured is held accountable for the actions of their insurer which cause an entry of default," the Court was swayed that the defaulting party's conscientiousness mitigated this principle. *Id.*

In contrast, the Law Court refused to set aside an entry of default where the defaulting party did not "justify his failure to follow the progress of the litigation more closely." *Mockus v. Melanson*, 615 A.2d 245, 247 (Me. 1992). Along this same line, the Law Court upheld entries of default when litigants provided an answer to the opposing party, but not to the opposing party's attorney or the court, *Ireland v. Carpenter*, 2005 ME 98, 879 A.2d 35, when a corporation did not have sufficient safeguards and processes, *Levine*, 2004 ME 131, 861 A.2d 678, and when an insured failed to notify his own carrier of a complaint even though the carrier was involved in pre-suit negotiations, *MacDowall v. MMG Ins. Co.*, 2007 ME 56, 920 A.2d 1044.

Turning to the present matter, Ms. George promptly conferred with an attorney after receiving notice of the Complaint, via the September 3rd letter. Until this time, Ms. George had not seen the published notice printed in the Portland Press Herald because she had moved to Glenburn, Maine to live with her mother.[8] Additionally, there is no allegation that Ms. George was attempting to avoid service.

---

[8] Attorney Brogan argues that the Court should consider the ease with which MMG's investigator found Ms. George in its consideration of this motion. However, the Court found that Plaintiff's counsel exerted reasonable diligence to locate and serve Ms. George when the Court issued the Order for Service by Publication. The Court does not re-visit this issue in deciding the motion to set aside the entry of default.

4

Based on the above discussion, Ms. George has shown a good excuse for her failure to answer.

## II. Meritorious Defenses

According to the Law Court, "[a] meritorious defense is one with merit, that is, one that is colorable and not frivolous." *In re: Estate of Gordan*, 2004 ME 23, ¶ 23, 842 A.2d 1280, 1276. For the purposes of determining if a defense is meritorious, the moving party's version of the facts and circumstances of the defense are deemed to be true. *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). Moreover, "[t]he allegations may be presented by a number of methods including the motion to set aside the default, or the proposed answer appended to that motion, or by affidavits or memoranda." *Id.*

Plaintiff's negligence claim against Ms. George is premised on allegations that Ms. George failed to yield to Plaintiff, failed to see Plaintiff, and was driving too fast for the conditions. Pl.'s Compl. ¶ 7. Ms. George's defense is that she was not negligent in the operation of her automobile and/or that the accident was caused by the careless actions of the Plaintiff, who she says stepped backward into traffic and directly into the path of Ms. George's vehicle.[9] Because we must take Ms. George's version of the facts and circumstances as true, a lack of negligence by Ms. George or the Plaintiff's fault equal to or greater than Ms. George's would provide meritorious defenses to this action.

## III. Substantial Prejudice

A motion to set aside a default should be granted where, among other elements, reopening the case would not substantially prejudice the non-defaulting party. *Thomas*, 653 A.2d at 420. Setting aside the default is prejudicial if it results "in any substantial

---

[9] Ms. George relies not only on her own recollection of the event but also the recollections of five witnesses to the accident.

5

inconvenience, detriment or prejudice to the other party." *Design Build of Maine v. Paul*, 601 A.2d 1089, 1091 (1992) (quoting *Wescott v. Allstate Ins. Co.*, 397 A.2d 156, 163 (Me. 1979).

Plaintiff argues that he has suffered substantial prejudice because of the expense for service by publication ($1,139.37); the time delay for reaching the merits of the case (e.g. it took four months to serve Ms. George), and because MMG - as Plaintiff's own insurance carrier- belatedly stepped in to represent Ms. George's interests. To this last point, Plaintiff argues that "[a]t any point during the publication process, MMG Insurance Company could have stepped in and avoided this issue from having to be litigated." Pl.'s Opp'n. at 9. MMG's decision to give simultaneous representation to Ms. George, Plaintiff argues, is bad faith, a breach of the duty to deal fairly, and substantially prejudicial.

The prejudice complained of does not rise to the level of "substantial prejudice" sufficient to preclude granting a motion to set aside the entry of default. The default and the payment for service by publication are two separate and distinct events. Ms. George could have seen the notice and answered the complaint and Plaintiff still would have expended the money for publication. Plaintiff paid $1,139.97 for service; he did not pay that amount in exchange for securing a default. The delay is from September 11, 2008, the date the answer was due, to September 26, 2008, when this motion was filed. This delay is negligible. There are no allegations that evidence was lost or that witnesses are now unavailable that would substantially prejudice the Plaintiff at trial.

Therefore, the entry is:

> Defendant Linette C. George's Motion to Set Aside the Entry of Default and
> Motion for Leave to File an Answer and Defend is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 7th day of January , 2009

_____
Robert E. Crowley
Justice, Superior Court

F COURTS
ınd County
3ox 287
ne 04112-0287

JONATHAN BROGAN ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

F COURTS
ınd County
3ox 287
ne 04112-0287

HARRY CENTER ESQ
WOODMAN & EDMANDS
PO BOX 468
BIDDEFORD ME 04005-0468