me/

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-0163
JAW - CUM-8/2/2013

EARL ALLEN and
ADELINE ALLEN,
        Plaintiffs

v.

NAUTILUS INSURANCE
COMPANY,
        Defendant

DECISION AND ORDER

and

REGIONAL EXCESS
UNDERWRITERS, LLC,
        Party-in-Interest

STATE OF MAINE
Cumberland. ss. Clerk's Office

AUG 02 2013

RECEIVED

## INTRODUCTION

Earl and Adeline Allen ("Allen or Allens") are judgment creditors of Lessard Roofing & Siding, Inc. ("Lessard") in the amount of $19,029.00 pursuant to a Default Judgment entered in the Maine District Court on March 17, 2009, on their claim for accidental damage to their property in October 2006. *Lessard Roofing & Siding, Inc. v. Earl Allen and Adeline Allen and Key Bank, N.A.*, (Me.Dist.Ct., Portland, March 17, 2009)(Eggert, J.). Pursuant to 24-A M.R.S.A. §§ 2903 and 2904 (2012), the Allens seek to reach and apply insurance money available under an insurance policy of Nautilus Insurance Company ("Nautilus") and/or its agent Regional Excess Underwriters, LLC ("REU"). The defendants have moved for summary judgment, asserting that as a matter of law the notice provided is not sufficient to permit a meaningful opportunity for the insurer to defend its interest. The Allens agree that the court may determine as a matter

of law whether the notice provided complies with the Maine Reach and Apply Statue. Of, course, they say it does.

## DISCUSSION

1. Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). An issue of "fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178).

In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the moving party's statement of material facts with record citations. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6 n.5, 770 A.2d 653.

2. Facts

Although the parties dispute that notice was provided to Nautilus[1], the defendant argues that even if we accept the plaintiffs' factual allegations as true, the plaintiff fails,

---

[1] Nautilus has checked its records and states that it denies that such a phone call ever occurred. Nautilus maintains that it did not receive notice of this reach and apply action until it was served with the complaint on or about May 14, 2012. (Supp.S.M.F. ¶8.) Both Nautilus and REU contend that a record search discloses no indication of any record, whether electronic, documentary or telephonic, or notification of another kind of a claim or action in connection with the Allens' claim against Lessard. (Supp.S.M.F. ¶¶17, 19, 22.)

2

as a matter of law, to establish sufficient notice to meet due process requirements. Thus, taking the facts in a light most favorable to the nonmoving party, the court finds for the purpose of the summary judgment motion the following facts: Following mediation in *Lessard v. Allen*, PORDC-RE-07-20, Allen received an anonymous telephone call advising him that Nautilus provided insurance coverage for Lessard. As a result, Allen telephoned Nautilus in Arizona in April or May of 2008 and spoke with a Nautilus claims agent, a male who did not identify himself. Allen confirmed with the agent that Lessard was a client of Nautilus and reported that he was in litigation with Lessard based on damages Allen suffered in connection with a roofing job on his home in Portland in October 2006. The Nautilus Agent told Allen that they would follow up on that report and that someone would call Allen back. Allen left his telephone number with the agent, but Allen never received a call back from Nautilus.

The court further finds the following undisputed facts : Lessard was insured by Nautilus pursuant to a Commercial General Liability Policy ("the Policy"), effective from April 20, 2006 to April 20, 2007, Policy No. NC533821. (Supp.S.M.F. ¶2.) The Policy was underwritten for Nautilus by REU, formerly known as Berkley Excess. (Supp.S.M.F. ¶2.) The policy expired on April 20, 2007 and was not renewed. (Supp.S.M.F. ¶3.) The Policy provided liability coverage to Lessard for accidental damage to property. (Opp.S.M.F. ¶2.)

The Policy provides in Section IV the duties of the insured, including notifying the company "as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Supp.S.M.F. ¶5.) The Policy directs its insured with the following additional language: "You must see to it that we receive written notice of the claim or 'suit' as soon

3

as practical." (Supp.S.M.F. ¶6.) Under another section for supplementary coverages, including the cost of defense, attorney's fees and litigation expenses, the insured is required to, among other things, "immediately send us copies of any demands, notices, summonses or legal papers received in connection with the 'suit'". (Supp.S.M.F. ¶7.)

3.    Reach and Apply Statute

24-A M.R.S.A. § 2903 (2012) provides that liability of an insurer is absolute when loss occurs:

> The liability of every insurer which insures any person against accidental loss or damage on account of personal injury or death or on account of accidental damage to property shall become absolute whenever such loss or damage, for which the insured is responsible, occurs. The rendition of a final judgment against the insured for such loss or damage shall not be a condition precedent to the right or obligation of the insurer to make payment on account of such loss or damage.

Section 2904 of Title 24-A provides that a judgment creditor may reach and apply insurance proceeds to satisfy such judgment:

> Whenever any person . . . recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, *if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage.*

24-A M.R.S.A. § 2904 (2012)(emphasis supplied).

The statute has two requirements: coverage and notice before the judgment is recovered. *MacDowell v. MMG Ins.Co.*, 2007 ME 56, ¶7, 920 A. 2d 1044. "Although the plain language of the statute merely requires notice before the judgment is recovered, [the Law Court has] determined that to comport with due process notice must be given at a "meaningful time in the proceedings.'" *MacDowell*, 2007 ME at ¶8 (quoting *Michaud v. Mut. Fire, Marine & Inland Ins. Co.*, 505 A. 2d 786, 789-90 (Me. 1986).

4

A meaningful time can be after default of the insured. *MacDowell*, 2007 ME at ¶ 8. The *MacDowell Court* pointed out that in *Michaud* the insurer received notice of the malpractice claim after the a default judgment as to liability was entered against the insured but before the damages hearing. Mutual Fire was informed of the entry of the default judgment before the hearing on damages, but it chose not to participate in the hearing, and plaintiff was awarded a final monetary judgment. The Law Court found that this was meaningful notice and stated:

> We determined that meaningful notice was afforded to Mutual Fire after the entry of a default, but before the default was rendered final. We supported that holding by reasoning that Mutual Fire could be relieved from the entry of default through a showing of good cause. As the judgment was not final, Mutual Fire did not have to face the higher burden of setting aside the judgment pursuant to M.R.Civ.P. 60(b). Instead, under a good cause standard, Mutual Fire had to show: (1) a good excuse for a failure to answer or appear, and (2) a meritorious defense. Mutual Fire was afforded the opportunity to present a claim for good cause, and that opportunity was "sufficiently meaningful to satisfy due process.'"

*MacDowell*, 2007 ME at ¶ 9 (citations omitted).

In this case, Lessard failed to meet the requirements of the policy that he notify the company "as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Supp.S.M.F. ¶4.) The insured also failed to immediately record the specifics of the claim or 'suit' and date received and notify [Nautilus] as soon as practicable." (Supp.S.M.F. ¶5.) Nor did the insured "immediately send [Nautilus] copies of any demands, notices, summonses or legal papers received in connection with the "suit". (Supp.S.M.F. ¶7.) However, notice does not have to be provided by the insured. Although the Maine Law Court has not addressed this specific point[2], other jurisdictions

----

[2] In *MacDowell*, the issue of who gave notice was not raised. The statement of facts in *MacDowell* provides that the injured party's attorney provided notice during negotiations

5

that have considered this issue have concluded that an insurer has an obligation to defend under an insurance contract if it has actual notice of a lawsuit. *E.g., Illinois Founders Ins. Co. v. Barnett*, 304 Ill. App.3d 602, 237 Ill. Dec. 605, 710 N.E.2d 28, 32 (1999); *Garcia v. Underwriters at Lloyd's London*, 143 N.M. 732, 739, 182 P.2d 113, 120 (2008). "Actual notice means notice from any source sufficient to permit the insurer to locate and defend its insured. Likewise, compliance with a prompt notice clause within a policy of liability insurance is satisfied when the insurer is provided notice from an injured person or his or her counsel." *Barnett*, 304 Ill. App.3d at 610, 710 N.E.2d at 32 (citations and quotation marks omitted.) Thus, the question in these jurisdictions is whether there was actual notice and did that notice sufficiently enable the insurer to locate and defend the lawsuit.

By accepting as true the plaintiffs' statement of material facts concerning notice, the court jumps over what is ordinarily a factual issue to be determined by the totality of the circumstances. The issue thus becomes whether the telephone call was sufficient notice. Defendant argues that a single telephone call to an insurance company made by an adverse party three years before a reach and apply action, and one year after the action commenced, is insufficient notice. Plaintiff counters that notice here is plainly adequate because it provided information sufficient to enable Nautilus to follow up on the reported loss, whether by contacting its insured, the court or the plaintiff to inquire about the pending litigation. Thus, plaintiff argues, Nautilus had a meaningful opportunity to defend its interest.

---

but before the complaint was filed. On the issue of notice, the *MacDowell* Court states simply that "MMG became aware of the default judgment". *MacDowell*, 2007 ME at ¶ 4.

6

As a matter of public policy, a rule that requires only actual notice to trigger the duty to defend "will protect the state's interest in having an insured adequately represented." *Barnet*, 304 Ill. App.3d at 611, 710 N.E.2d at 35, (quoting *Cincinnati Cos. v. West American Insurance Co.*, 183 Ill.2d 317, 329, 233 Ill. Dec. 649, 701 N.E.2d 499(1998)). The sound policy considerations that support a rule tying the duty to defend to actual notice of a claim include the following:

> (1) "the insurer is usually in a better position than even a sophisticated insured to know the scope of the insurance contract and its duties under it," and (2) "allowing actual notice to trigger the duty to defend . . . assure[s] or protect[s] the benefits of the insurance contract" because "[t]he insurer, having received consideration for inclusion of the insured on its policy, should not be allowed to evade its responsibilities under the policy as a result of the insured's ignorance."

*Garcia v. Underwriters at Lloyd's London*, 2007-NMCA-042, ¶ , 141 N.M. 421, 156 P.3d 712 (quoting *Cincinnati Cos*, 233 Ill.Dec. 649, 701 N.E. 2d at 504-05.) Following this rule does not mean the imposition of an automatic duty on insurers to become involved in the litigation, because the insurer may protect its interests by following up with the insured to determine whether the insured wants the insurer's assistance. "Given that the entire purpose of the contract between the parties is for the insurer to defend and cover the liabilities incurred by its insured, it makes sense for the insurer to assume that the insured desires a defense and to seek clarification if any notice it receives is unclear on that point." *Garcia v. Underwriters at Lloyd's, London*, 143 N.M. 732, 737, 182 P.2d 113, 119.

In this case, the injured party confirmed that Lessard was a client of Nautilus and notified Nautilus that he was involved in litigation with Lessard based on damages he suffered in connection with a roofing job on his home in Portland in October 2006. He also provided his telephone number to Nautilus for a follow up. The Policy does not

7

place the burden of notice on the injured party. Once the insurer receives notice, the insurer bears the burden of following up on that information. The plaintiff provided Nautilus with the name of its insured, the date and nature of the injury, the name and telephone number of the injured party and that a lawsuit was pending. This was sufficient information for Nautilus to contact the insured and determine whether the complaint falls within the scope of coverage and whether the insured wanted a defense.

Nautilus has not demonstrated any prejudice by the insured's failure to give notice or by the delay in its receipt of notice of the lawsuit after the litigation had commenced. Notice to Nautilus occurred on or about April or May of 2008, nearly 10 months before the Judgment was entered on March 17, 2009. There was ample time for Nautilus to step in and defend its interests. Allen in his telephone call to Nautilus supplied sufficient information to enable Nautilus to locate and defend the suit against Lessard. Nautilus had an opportunity sufficiently meaningful to satisfy due process and defend its interests when Nautilus received Allen's telephone call in April or May of 2008.

The entry is:

Motion for Summary Judgment is DENIED.

Date: August 2, 2013

Joyce A. Wheeler, Justice
Maine Superior Court

Plaintiffs-John Branson Esq
Defendants-Susan Driscoll Esq

8