STATE OF MAINE
YORK, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-008

JASON BARNA and SHANNON
BARNA,

Plaintiffs

v.

EVANSTON INSURANCE
COMPANY,

Defendant

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

Before the court is defendant Evanston Insurance Company's motion for summary judgment. For the following reasons, the motion is granted.

Background

This case arises out of alleged negligence of defendant Evanston's insured, H&M Transportation, when H&M delivered and installed a refrigerator at plaintiffs Jason Barna and Shannon Barna's property at 8 Sawgrass Lane, Eliot, Maine. (Def.'s S.M.F. ¶¶ 1, 3, 4.) Plaintiffs allege that H&M negligently installed the refrigerator by failing to secure properly a water line and that plaintiffs sustained property damage. (*Id.* ¶¶ 5-6.)

On or about August 15, 2019, defendant Evanston received notice of the incident. (*Id.* ¶ 12.) Defendant Evanston investigated the claim and issued a liability denial letter to plaintiffs on October 2, 2019. (*Id.* ¶ 13.) On February 25, 2020, defendant Evanston received a letter from counsel retained by MMG Insurance Company, plaintiffs' insurer, which included a subrogation demand. (*Id.* ¶ 14.) Counsel demanded that defendant Evanston, as H&M's insurer, pay the $22,307.69 that MMG paid to plaintiffs following the incident. (*Id.*) Counsel included a copy of the proposed complaint, which was not signed or dated. (Pls.' Add. S.M.F. ¶ 2.).

1

Defendant Evanston and MMG's counsel communicated by email after the demand letter was received. On February 28, 2020, defendant Evanston advised counsel that it stood by its denial of liability. (Def.'s S.M.F. ¶ 15.) On that date, MMG's counsel advised that MMG "will simply file a lawsuit and commence litigation against H&M here in Maine." (Id. ¶ 16.) On March 30, 2020, MMG's counsel requested a response to the demand. (Id. ¶ 17.) On that date, defendant Evanston responded that it stood by its denial of liability and requested a copy of the complaint if litigation was pursued. (Id. ¶ 18.) On March 31, 2020, MMG's counsel replied, "[w]e do intend to pursue litigation." (Pls.' Add. S.M.F. ¶ 1, Exhibit A.)[1]

On or about July 2, 2020, plaintiffs filed their complaint against H&M in the York County Superior Court. (Def.'s S.M.F. ¶ 7.) H&M failed to file a timely answer to the complaint and was defaulted on July 17, 2020. (Id. ¶¶ 9-10.) On August 20, 2020, a default judgment was entered against H&M in the amount of $22,307.69 plus interest and costs. (Id. ¶ 11; Pls.' Add. S.M.F. ¶ 11.) On August 22, 2020, plaintiffs notified defendant Evanston of the default and demanded payment of the judgment. (Def.'s S.M.F. ¶ 24.) Defendant Evanston did not receive a copy of the filed complaint against H&M or notice the complaint had been filed. (Id. ¶¶ 19-20.) Defendant Evanston was not notified that a motion for default had been filed, that a default had been entered, or that a motion for default judgment had been filed against H&M. (Id. ¶¶ 21-23.)

---

[1] Plaintiffs' additional fact, that "counsel for Plaintiffs informed Carolyn Rothlisberger that Plaintiffs were pursuing litigation against her insured" and the statement in Mr. Johnson's affidavit that "Carol Rothlisberger was informed a lawsuit was being filed against H&M Transportation" are not supported by the record reference. In the email correspondence between counsel for MMG and Ms. Rothlisberger, counsel for MMG states: "[i]f you intend to deny liability, however, we will simply file a lawsuit and commence litigation against H&M here in Maine," "[i]f I do not receive a response to this email by Wednesday, April 8, 2020 we are going to move forward with the lawsuit," and "[w]e do intend to pursue litigation." (Pls.'s Add. S.M.F. ¶ 1; Def.'s Reply S.M.F. ¶ 1; Ex. A, Johnson Aff.)

2

Plaintiffs filed the current reach and apply action on January 13, 2021 and seeks to enforce against defendant Evanston the default judgment entered against H&M. Defendant Evanston filed this motion for summary judgment on January 25, 2021.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). "Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

Discussion

The record on this summary judgment motion is largely uncontested. The parties dispute whether defendant Evanston received adequate notice to satisfy the requirements of section 2904. 24-A M.R.S. § 2904 (2020).

Section 2904 provides that a party may bring an action to have insurance money applied to the satisfaction of a judgment by bringing a civil action against an insurer "if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery

of the judgment the insurer had had notice of such accident, injury or damage." 24-A M.R.S. § 2904. The Law Court has held that due process requires that the insurer be given notice of the accident, injury or damage "at a meaningful time in the proceedings." *Michaud v. Mutual Fire, Marine & Inland Ins. Co.*, 505 A.2d 786, 790 (Me. 1986).

Due process does not require that the insurer be notified before any substantial steps are taken in litigation under this statute. In *Michaud v. Mutual Fire, Marine & Inland Ins. Co.*, Mutual learned of the pendency of the malpractice action against its insured after default as to liability was entered. *Id.* at 787. Mutual was notified of the hearing on damages but chose not to participate. *Id.* A judgment in the amount of $383,899.12 was entered in favor of the plaintiff and against Mutual's insured. *Id.* A reach and apply action was filed against Mutual to satisfy the judgment through insurance proceeds. *Id.*

The Law Court held in *Michaud* that notice after a default had been entered, but before the default became a final judgment after a hearing on damages, was sufficient to provide due process because the default could have been set aside by a showing of good cause. *Id.* at 790. The law does not favor defaults and a request to set aside a default is considered with any doubt resolved in favor of a trial on the merits. *Id.* at 791. The *Michaud* court emphasized that no final judgment had been entered when the insurer received notice of the lawsuit. *Id.* at 790. The insurer, therefore, did not have "to contend with the considerations in the law favoring the finality of judgments." *Id.*; M.R. Civ. P. 60(b). The *Michaud* court stated:

> In determining whether [the insurer] received notice at a time when it had a meaningful opportunity to defend, it is necessary to decide whether the award of default judgment as to liability constituted an interlocutory entry of default to be set aside upon a showing of good cause or a final default judgment that could only be set aside in accordance with M.R. Civ. P. 60(b).

*Michaud*, 505 A.2d at 790.

4

In *MacDowell v. MMG Ins. Co.*, an action for negligence was filed against MMG's insured, who failed to respond. *MacDowell v. MMG Ins. Co.*, 2007 ME 56, ¶ 4, 920 A.2d 1044. A default judgment was entered. *Id.* One month later, MMG became aware of the default judgment and moved to remove entry of default. *Id.* The motion was denied. *Id.* After a hearing on damages, in which MMG participated on behalf of its insured, judgment of $124,874.96 was entered against the insured. *Id.* A reach and apply action was filed against MMG to satisfy the judgment. *Id.* ¶ 5. The court granted a summary judgment in favor of plaintiff and against MMG. *Id.* The judgment was subsequently reduced to the $100,000.00 policy limit, plus interest and costs. *Id.* ¶ 6.

The *MacDowall* court concluded that MMG had received due process because it had received meaningful opportunities to remove the default and contest damages. *Id.* ¶ 14. The *MacDowall* court concluded that *Michaud* had determined "what procedural moment is 'meaningful.'" *Id.* ¶ 8. The facts that the insurer did not participate in the hearing on damages after notice in *Michaud* and the insurer did participate unsuccessfully after notice in *MacDowall* was not of consequence to the *MacDowall* court. *Id.* ¶ 11. The court focused on whether MMG received due process, which turned on whether MMG had a meaningful opportunity to participate, and not whether MMG was successful in its participation. *Id.* ¶¶ 13-14.

The *Barna* case presents the second set of circumstances contemplated in *Michaud* and *MacDowall*. *See Michaud*, 505 A.2d at 790; *see also MacDowall*, 2007 ME 56, ¶ 9, 920 A.2d 1044. The first notice defendant Evanston had that a lawsuit had been filed against H&M was on August 22, 2020, when defendant Evanston was notified that a default judgment in the amount of $22,307.69 had been entered against H&M and payment was demanded. Prior to that date, defendant Evanston had notice only of plaintiffs' intent to file a lawsuit.

5

A default judgment in the amount of $22,307.69 was entered against H&M on August 20, 2020. The notice to defendant Evanston on August 22, 2020 was not given at a meaningful time in the proceedings and afforded no meaningful opportunity to defend. *See Michaud*, 505 A.2d at 790; *see also MacDowall*, 2007 ME 56, ¶ 14, 920 A.2d 1044. Defendant Evanston would have had to move for relief from the judgment under Rule 60(b), which requires a more difficult showing to set aside a final judgment, as opposed to a showing of good cause to set aside a default. *See* M.R. Civ. P. 60(b); 55(c); *Michaud*, 505 A.2d at 790; *see also MacDowall*, 2007 ME 56, ¶ 9, 920 A.2d 1044. On this record, there is no genuine issue of material fact regarding compliance with the requirements of section 2904 and defendant Evanston is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c).

The entry is

> Defendant Evanston Insurance Company's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant Evanston Insurance Company and against Plaintiffs Jason Barna and Shannon Barna on Plaintiffs' Complaint.

Date: April 29, 2021

Nancy Mills
Active Retired Judge

ENTERED ON THE DOCKET ON: 5/5/21

Plaintiffs-Samuel Johnson, Esq.
Defendant-William Joseph Flanagan, Esq.

6