Mw

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-378

ONSITE AUTO GLASS, as assignee of
Richard Cooper,

      Plaintiff

v.

                                       ORDER

INTERINSURANCE EXCHANGE OF
THE AUTOMOBILE CLUB,

      Defendant

**Plaintiff-John Lagrow, Esq.**
**Defendant-Samuel Johnson, Esq.**

Before the court is a motion by defendant Interinsurance Exchange of the Automobile Club

("AAA") for summary judgment. This case presents the same issues as *Onsite Auto Glass v.*

*Interinsurance Exchange of the Automobile Club,* CV-20-375, and involves whether plaintiff

Onsite Auto Glass, as assignee of Richard Cooper, is entitled to reimbursement from AAA as

Cooper's auto insurer for Onsite's repair of auto glass damage on Cooper's insured vehicle.

Summary Judgment

As stated in the companion case, summary judgment should be granted if there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

In considering a motion for summary judgment, the court is required to consider only the portions

of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g.,*

*Mahar v. StoneWood Transport,* 2003 ME 63 ¶ 8, 823 A.2d 540. The facts must be considered in

the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment,

any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by

a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services*, 1999 ME 158 ¶ 3, 740 A.2d 560.

In this case the record is somewhat confused because AAA filed an initial statement of material facts (SMF) pursuant to Rule 56(h)(1) consisting of 15 paragraphs. Pursuant to Rule 56(h)(2) Onsite responded by filing a statement of facts in response to AAA's SMF which included a statement of additional material facts (SAMF) consisting of 17 paragraphs. Pursuant to Rule 56(h)(3) AAA then filed a Reply Statement of Material Facts (Reply SMF) responding to 19 factual assertions. The discrepancy between the 19 paragraphs in AAA's Reply SMF and the 17 paragraphs in the SAMF filed by Onsite suggests either (1) that counsel for Onsite sent a different draft of its SAMF to counsel for AAA than the version filed with the court or more likely (2) that, because of the similarity in the cases, counsel for AAA mistakenly recopied AAA's Reply SMF from CV-20-375, in which Onsite's SAMF consisted of 19 paragraphs.

Because it is nevertheless apparent from the record that the essential facts are undisputed and that this case can be decided on the same basis as the companion case in CV-20-375, the court will ignore the above discrepancy and rely on the Onsite's SAMF in ruling on the pending motion.

Undisputed Facts

On or about August 17, 2018, Onsite was contracted to perform auto glass replacement services on a vehicle owned by Richard Cooper, which was insured with an automobile policy issued by AAA. Onsite SAMF ¶ 1; AAA SMF ¶ 2 (admitted). On that same date Cooper signed two documents identical to those signed by Bill Ciccarone in CV-20-375. The first was a document authorizing AAA to make payment directly to Onsite and, if necessary, authorizing Onsite to

2

invoke the appraisal clause in his insurance contract. The second was an invoice stating in small print, "Subject to the completion of work, I assign any claim that I have under my insurance policy to recover, and authorize my insurance company to pay ONSITE AUTO GLASS the balance due." Onsite SAMF ¶ 2.[1]

Onsite completed the repair work and submitted an invoice to AAA by email on August 20, 2018 seeking $ 1,041.26, the amount that it stated it was owed for the repair work, minus Cooper's deductible. Onsite SAMF ¶ 3. The invoice included the statement signed by Cooper authorizing AAA to make payment directly to Onsite, authorizing Onsite to invoke the appraisal clause in the insurance contract, and assigning to Onsite any claim Cooper had to recover under his insurance policy. Ex. A to Affidavit of Betty Jo Cash.

Exactly as in CV-20-375, on September 10, 2018, Onsite received a fax from AAA stating, "AAA will no longer be issuing payments to claims rec'd after repairs completed per policy language." Onsite SAMF ¶ 11.[2]

The AAA policy in this case contains the same provisions discussed in the court's summary judgment order issued in CV-20-375.


Discussion

The court's order granting summary judgment to AAA in CV-20-375 is attached hereto and is incorporated by reference. Just as in CV-20-375, it is undisputed in this case that AAA first

---

[1] Onsite's Statement of Additional Material Facts (SAMF) and the accompanying affidavit of Betty Jo Cash refer to these documents as an "assignment of benefits." Onsite SAMF ¶ 2, citing Cash Affidavit ¶ 13. The actual documents are annexed to the Cash affidavit as Exhibit A.

[2] The AAA fax attached to the Cash affidavit in this case is identical to the AAA fax attached to the Cash affidavit in CV-20-375 and even bears the same date and time of transmission right down to the second ("8:16:58 AM"). For purposes of summary judgment the court will assume that the same fax was sent to respond to the invoices at issue in both CV-20-375 and the instant case or that identical faxes were sent.

received notice of the claim after the repairs had been performed and was therefore deprived of any opportunity to inspect the vehicle and appraise the damage. For the same reason set forth in the court's summary judgment order in CV-20-375, therefore, the court concludes that Onsite is not entitled to payment in this case based on the failure to provide notice before repairs were made.

The entry shall be:

The motion for summary judgment by defendant Interinsurance Exchange of the Automobile Club is granted and the complaint is dismissed. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May _5_ , 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 05/06/21
MC/

4

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-375

ONSITE AUTO GLASS, as assignee of
Bill Ciccarone,

        Plaintiff

v.

        ORDER

INTERINSURANCE EXCHANGE OF
THE AUTOMOBILE CLUB,

        Defendant

Before the court is a motion by defendant Interinsurance Exchange of the Automobile Club ("AAA") for summary judgment. This case involves whether plaintiff Onsite Auto Glass, as assignee of Bill Ciccarone, is entitled to reimbursement from AAA as Ciccarone's auto insurer for Onsite's repair of auto glass damage on Ciccarone's insured vehicle.

In addition to this case, there is a companion case presenting the same issues. *Onsite Auto Glass, as assignee of Richard Cooper v. Interinsurance Exchange of the Automobile Club,* CV-20-378, in which a motion for summary judgment is also pending.

Like many cases, this case has been delayed by the pandemic. The motion for summary judgment has been under advisement since January 7, 2021, but the court has had almost no time to devote to civil proceedings due to the need to focus on criminal cases.

## Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary

judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Mahar v. StoneWood Transport*, 2003 ME 63 ¶ 8, 823 A.2d 540. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services*, 1999 ME 158 ¶ 3, 740 A.2d 560.

In this case there are some factual disputes because AAA originally contended that the first notice it received of Onsite's claim was when it was served with the complaint. Onsite, however, offered evidence that it had sent an invoice to AAA shortly after the repairs were performed. The court will rely on Onsite's evidence in ruling on the pending motion. AAA contends that, even accepting Onsite's evidence, AAA is entitled to summary judgment.

Undisputed Facts

On or about August 1, 2018, Onsite was contracted to perform auto glass replacement services on a vehicle owned by Bill Ciccarone, which was insured with an automobile policy issued by AAA. Onsite Statement of Additional Material Facts filed December 18, 2020 (Onsite SAMF) ¶ 1; AAA Statement of Material Facts dated November 30, 3020 (AAA SMF) ¶ 2 (admitted). On that same date Onsite repaired the damaged glass and Ciccarone signed a document authorizing AAA to make payment directly to Onsite and, if necessary, authorizing Onsite to invoke the appraisal clause in his insurance contract. Onsite SAMF ¶¶ 2-3. He also signed an invoice stating in small print, "Subject to the completion of work, I assign any claim that I have under my

2

insurance policy to recover, and authorize my insurance company to pay ONSITE AUTO GLASS the balance due."[1]

Also on August 1, 2018 Onsite submitted an invoice to AAA by email seeking $ 520.03, the amount it stated it was owed for the repair work minus Ciccarone's deductible. Onsite SAMF ¶ 3. The invoice included the statement signed by Ciccarone authorizing AAA to make payment directly to Onsite, authorizing Onsite to invoke the appraisal clause in his insurance contract, and assigning any claim Ciccarone had to recover under his insurance policy to Onsite. Ex. A to Affidavit of Betty Jo Cash.

Having received no response, Onsite resubmitted the invoice for the work done on Ciccarone's vehicle to AAA by fax on September 10, 2018. Onsite SAMF ¶ 11. In response, Onsite received a fax from AAA stating, "AAA will no longer be issuing payments to claims rec'd after repairs completed per policy language." Onsite SAMF ¶ 12.

A copy of Ciccarone's AAA policy is annexed to the affidavit of Adrienne McCabe. It provides in Part IV (collision and comprehensive coverage) that AAA will pay for direct and accidental physical loss to Ciccarone's vehicle. AAA SMF ¶ 5 (admitted); Policy page E1. It also contains an appraisal provision that if AAA and the insured do not agree on the amount of loss, either party may make a written request for appraisal. In that event, each party is to choose an appraiser and the appraisers shall establish the amount of the loss with any disagreements to be submitted to an umpire chosen by the appraisers. AAA SMF ¶ 5 (admitted); Policy page E4.

The policy further provides that after an accident or loss the insured shall promptly notify AAA and that the insured shall

---

[1] Onsite's SAMF and the accompanying affidavit of Betty Jo Cash refer to these documents as an "assignment of benefits." Onsite SAMF ¶ 2, citing Cash Affidavit ¶ 13. The actual documents are annexed to the Cash affidavit as Exhibit A.

3

Allow us to:
(1) inspect and appraise any vehicle insured under PART IV [collision and comprehensive cobverage] and
(2) get any estimates we need;
Before a vehicle can be repaired of disposed of.

AAA SMF ¶ 6 (admitted); Policy pages F1 and F2.


Discussion

AAA disputes whether there was a proper assignment by Ciccarone of his rights under the policy and points to language in the policy stating that "this policy or any interests in it" may not be assigned without AAA's consent. This argument was first raised in AAA's reply memorandum,[2] and in any event the court agrees with Onsite that Ciccarone did not assign the policy to Onsite but merely assigned to Onsite the right to any payment for the August 1, 2018 glass repairs that Ciccarone was entitled to receive.

The dispute on this case therefore centers on whether adequate notice of the claim was given to AAA in compliance with the policy. Onsite contends that it gave the requisite prompt notice by invoicing AAA on August 1, 2018. For purposes of summary judgment, the court will accept that this constituted notice under the policy. However, it is undisputed that this notice was only given after the repairs had been completed, which precluded AAA from inspecting and appraising the vehicle before the vehicle was repaired.

The interpretation of an insurance contract is a question of law. *Jack v. Tracy*, 1999 ME 13 ¶ 8, 722 A.2d 869. Policy language is liberally construed in favor of an insured and any ambiguity in the contract is resolved against the insurer. *York Insurance Group v. Van Hall*, 1997 ME 230 ¶

---

[2] AAA expressly reserved this argument in its initial memorandum but argues that Onsite raised the validity of the assignment in its opposition.

4

8, 704 A.2d 366.[3] Nevertheless, interpretation of an insurance contract requires an evaluation of the policy in its entirety, and all provisions must be considered together. *Maine Drilling & Blasting Inc. v. Insurance Co. of North America*, 665 A.2d 671, 675 (Me. 1995).

In this case the court concludes that the policy must be interpreted to require that the notice to AAA be given before any repairs are undertaken. Otherwise the provision that the insured must allow AAA to inspect and appraise an insured vehicle "before a vehicle can be repaired" would be deprived of any effect.

Faced with claims that an insurer was not given a required notice under an insurance contract, the Law Court has held that to escape liability the insurer must show (1) that the notice provision in the insurance contract was in fact breached and (2) that the insurer was prejudiced by the insured's delay. *Ouellette v. Maine Bonding & Casualty Co.*, 495 A.2d 1232, 1235 (Me. 1985). On the first prong of the *Ouellette* test, it follows from the preceding discussion that the notice provision in the policy was breached in this case.[4]

Turning to the second prong of *Ouellette* – whether the insurer was prejudiced by the absence of notice – there is no dispute in this case that AAA was deprived of its contractual right to inspect and appraise the damage to the auto glass before repairs were undertaken. The court further concludes that AAA was prejudiced thereby. In *Knight v. Maine Mutual Fire Insurance Co.*, 651 A.2d 838 (Me. 1994) – a case decided after *Ouellette* – the Law Court observed that courts, in liberally construing notice requirements in favor of insureds, have found adequate notice

---

[3] Onsite does not contend that the AAA policy is ambiguous.

[4] This is true even though, for purposes of the pending motion, the court accepts Onsite's argument that it was assigned only the right to receive payment under the policy and was not assigned any of Ciccarone's duties under the policy. Following this logic, Ciccarone – not Onsite – was required to give the required notice before repairs were undertaken. However, on this record, it is undisputed that he did not do so. Onsite's right to receive payment from AAA depends on whether any such payment was due – which AAA contests based on the absence of adequate notice.

5

when the notice given was "sufficient to satisfy the purpose of giving the insurer an adequate opportunity to investigate." 651 A.2d at 839. In this case, however, the notice given was not sufficient to give AAA an opportunity to inspect, evaluate, or investigate before the repairs were made.

Insurer prejudice has been found to exist where one or more of the purposes of the notice provision have been frustrated and specifically has been found where, because of a failure of notice, the insurer was unable to properly investigate a claim. *See* Suter, *Insurer Prejudice: Analysis of an Expanding Doctrine in Insurance Coverage Law*, 46 Me. L. Rev. 221, 223-24 (1994). In the absence of notice before repairs were made, an insurer would not have to any ability to challenge padded estimates or fraudulent claims. Accordingly, the court concludes that, based on the undisputed facts, Onsite is not entitled to payment based on the failure to provide notice before repairs were made.

There is one other issue that the court would describe as lurking in the record in this case. The record suggests that before AAA declined to pay Onsite's invoice in this case, it may have previously been willing to make payments on claims received after repairs were completed.[5] The court has not considered that issue for two reasons. The first is that for purposes of summary judgment the court is limited to the facts set forth in the parties' Rule 56(h) statements, and Onsite's SAMF does not include any statement that AAA has previously paid invoices for repairs that were performed before any notice was sent to AAA.[6] The second and more important reason is that

---

[5] Thus the fax response from AAA when Onsite resubmitted its invoice on September 10, 2018 stated that AAA would "no longer" issue payments on claims received after repairs had been completed.

[6] Onsite's SAMF asserts only that its August 1, 2018 email was sent to the email address which Onsite had used to submit prior claims, that Onsite regularly invoices AAA for repair work performed on AAA-insured vehicles, and that AAA has routinely accepted and processed claims submitted to that email address in the past. Onsite SAMF ¶¶ 4, 8-10. All of those statements are accepted as true for purposes of

6

Onsite has not argued or presented any authority that AAA was legally obligated by past practice to pay the Ciccarone invoice without prior notice of the repairs.

The entry shall be:

The motion for summary judgment by defendant Interinsurance Exchange of the Automobile Club is granted and the complaint is dismissed. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 4 , 2021

Thomas D. Warren
Justice, Superior Court

---

summary judgment but they do not assert or constitute evidence that AAA, in the past, has paid claims for which it did not receive notice until after the repairs had been completed.

7